**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>APOTEX INC., AND APOTEX CORP,<br><br>      Defendants. | C.A. No. 24-64-JLH<br><br>**JURY TRIAL DEMANDED** |
| EAGLE PHARMACEUTICALS, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>SLAYBACK PHARMA LLC,<br><br>      Defendant. | C.A. No. 24-65-JLH<br><br>**JURY TRIAL DEMANDED** |
| EAGLE PHARMACEUTICALS, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>BAXTER HEALTHCARE CORPORATION,<br><br>      Defendant. | C.A. No. 24-66-JLH<br><br>**JURY TRIAL DEMANDED** |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM DEFENDANTS
APOTEX INC., APOTEX CORP., SLAYBACK PHARMA LLC,
<u>AND BAXTER HEALTHCARE CORPORATION</u>**

Dear Judge Hall:

Defendants Baxter Healthcare Corporation ("Baxter"), Slayback Pharma LLC ("Slayback"), and Apotex Inc. ("Apotex") (collectively, "Defendants") respectfully submit this letter brief pursuant to the Court's July 17, 2024 Oral Order (D.I. 45) to address two outstanding disputes regarding Section 4(d) and Section 27 in the proposed Protective Order ("PO").  Ex. A.[1]

## I.     Background

On January 17, 2024, Plaintiff Eagle Pharmaceuticals, Inc. ("Eagle") filed three separate lawsuits against Defendants asserting infringement of two patents. The cases have been coordinated for certain pre-trial deadlines, but are not consolidated and have separate trial dates.  D.I. 29.  In the Slayback and Apotex cases, Eagle is represented by McCarter & English, LLP ("McCarter") and Latham & Watkins LLP ("Latham"); in the Baxter case, because of an ethical conflict that precludes Latham from representing Eagle against Baxter, Eagle is represented only by McCarter.

## II.    Eagle's Proposed Treatment of Defendants' Confidential Information Would Prejudice Defendants

Defendants are direct competitors in the liquid bendamustine market, and wish to avoid disclosing their most sensitive confidential information to each other. Accordingly, Defendants propose that the PO preclude the disclosures of confidential information produced in one action to a party in a different action "without permission of the Producing Party."  Ex. A at § 4(d).  Despite initially agreeing to this provision, Eagle now seeks to materially erode these necessary protections by advocating for an unnecessary exception that will prejudice Defendants.

Eagle's proposed language—which permits Eagle to disclose any Defendant's confidential information across the three cases whenever Eagle unilaterally deems it "necessary"—will prejudice Defendants by allowing the disclosure of confidential information to their direct competitors.  Eagle's provision not only risks disclosure of Defendants' most sensitive technical information—such as their respective New Drug Applications, manufacturing details and other technical information—to their direct competitors, it sanctions it.  This would cause Defendants commercial harm, even if Eagle limits disclosure to outside counsel.  *See Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 2015 WL 7257915, at *1–2 (D. Del. Nov. 17, 2015) (Defendants would "suffer prejudice" if protective order "allow[ed] Plaintiff to disclose the Highly Confidential Information of one defendant to outside counsel and experts in another case"); *Parrott v. D.C.*, 2024 WL 124748, at *8 (D.D.C. Jan. 11, 2024) ("[A]llowing plaintiffs' counsel to [use] these confidential records [] in other cases without oversight by this Court or approval by the designating party would needlessly raise the risk of inadvertent disclosure."); *Odyssey Wireless, Inc. v. Apple Inc.*, 2015 WL 10943612, at *2 (S.D. Cal. Sept. 30, 2015).

The current cases are not ANDA cases, where generics typically seek to market duplicate versions of a branded product.  Instead, Eagle is asserting infringement theories against three unrelated

---

[1] Eagle advocates for the content shown in strikethrough in Exhibit A, while Defendants oppose the inclusion of those limitations and seek the scope shown in the non-strikethrough text.

parties selling three distinct products, each separately approved by the FDA through non-ANDA pathways. Further, these cases are not consolidated for trial.

Eagle cannot show any compelling need for the unfettered ability to disclose one Defendant's sensitive technical information to another.[2] If Eagle wants to use one Defendant's confidential information in a filing, service document, or proceeding, Eagle can simply request permission to disclose it at that time. That Defendant will, of course, respond reasonably and in a timely fashion. Any burden on Eagle—such as seeking consent from one Defendant or serving separate redacted copies of filed or served documents—is at most "administrative" and cannot justify the prejudice to Defendants. *United States v. Baker*, 2020 WL 4589808, at *3 (S.D.N.Y. Aug. 10, 2020); *Pandora Jewelry, LLC v. Bajul Imports, Inc.*, 2011 WL 976623, at *2 (E.D. Mo. Mar. 17, 2011).

Courts faced with similar competing proposals routinely adopt Defendants' position. *See, e.g.*, *AstraZeneca LP v. Sigmapharm Labs., LLC*, No. 15-cv-01000, D.I. 71 at ¶16 (D. Del. Apr. 26, 2016) (adopting language that "absent written consent from the producing party, Plaintiffs may not produce or otherwise make available Defendant's Protected Information to any other Defendant"). Additionally, protective orders in this District—including in this Court—consistently prohibit plaintiffs in consolidated or related actions from unilaterally disclosing one defendant's confidential information to another defendant or their outside counsel. *See, e.g.*, Exs. B-E. The prejudice to Defendants outweighs any minimal burden created by Defendants' proposal, which permits Eagle to request permission to disclose confidential discovery materials if Eagle desires to use it. The Court should therefore adopt Defendants' proposal.

### III. Latham Is Ethically Precluded From Using Baxter's Confidential Information Against Baxter

The second dispute concerns Latham's ability to access Baxter's confidential information.[3] Latham represents Eagle in the Slayback and Apotex actions, but an ethical conflict precludes Latham from representing Eagle against Baxter. Baxter therefore seeks to prevent Latham from accessing Baxter confidential information that is not included in court filings. Ex. A at § 27. In contrast, Eagle seeks to skate past Latham's ethical conflict by permitting Latham to access and use Baxter's confidential information in filings, unfiled service documents (*e.g.*, interrogatory responses, admissions, etc.), and unnamed "proceedings." *Id*. The Court should not permit this access by a firm that is conflicted in the Baxter case.

Eagle has not disputed that Latham cannot represent Eagle in the Baxter case. Latham currently represents Baxter International Inc. (Baxter's parent corporation) in various corporate and

---

[2] During the parties' meet and confer, Eagle identified only one hypothetical scenario in which it may need to disclose Defendants' confidential information across the three cases—claim construction. But non-public information is rarely considered during claim construction. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005). And in the unlikely event that Eagle would like to use Defendants' confidential information as extrinsic evidence in claim construction, it can request consent from Defendants to use it for that limited purpose.

[3] Defendants Apotex and Slayback do not take a position with regard to this dispute as it is specific to Baxter's confidential information.

litigation matters, and has not sought Baxter's consent or waiver to represent Eagle here.[4] Both the Delaware Lawyers' Rules of Professional Conduct and the Model Rules of Professional Conduct[5] preclude Latham from representing Eagle against Baxter due to the concurrent conflict of interest. *See* D.L.R.P.C. 1.7(a); M.R.P.C. 1.7(a). The reason for this longstanding rule is simple: allowing Latham to participate in the Baxter action "may hinder [Latham's] ability to recommend or advocate all possible positions for [Baxter]" in the concurrent representations. *In re Congoleum Corp.*, 426 F.3d 675, 688 (3d. Cir. 2005). Further, there is an unacceptable risk that Latham's knowledge of Baxter will be used against Baxter here. *See Enzo Life Scis, Inc. v. Adipogen Corp.*, 2013 WL 6138791, at *7 (D. Del. Nov. 20, 2013) ("[C]lients must feel confident that they can divulge all relevant information to their attorneys, without fear that such confidences will eventually be used against them in a later, related matter."). As a result, Baxter has not consented to Latham's participation in the Baxter case, and Latham has not entered an appearance in the Baxter case.[6] *See* D.L.R.P.C. 1.7(b)(4); M.R.P.C. Rule 1.7(b).

Because Latham cannot formally represent Eagle against Baxter, it is inappropriate for Latham to access Baxter's confidential information whenever Eagle deems it "necessary," because it risks such information being used against Baxter. Ex. A at § 27. Allowing Latham to access and potentially use confidential information from "proceedings" adverse to Baxter—for example, during Latham's deposition of a jointly retained defense expert—eviscerates the duty of loyalty that Latham owes Baxter. *See Celgard, LLC v. LG Chem., Ltd.*, 594 F. App'x 669, 671 (Fed. Cir. 2014); *Freedom Wireless, Inc. v. Boston Comc's Grp., Inc.*, 2006 WL 8071423, at *2 (Fed. Cir. 2006). And Eagle has not proposed any safeguards—such as an ethical screen—that would prevent Latham from violating this duty. Eagle's proposal is therefore fraught with unnecessary risk of serious prejudice to Baxter.

In contrast, Baxter's proposal does not prejudice Eagle. Eagle can continue working with its existing McCarter counsel in the Baxter case, who are members of a large and well-resourced firm fully capable of handling this litigation. And Baxter's proposal still allows Latham to access all court filings. Even so, if Eagle believes that additional resources are required, it can retain another firm that is not ethically conflicted. *See Enzo*, 2013 WL 6138791, at *6 (disqualifying counsel where "Plaintiff has provided no evidence that it would be unable to find alternate counsel or that it would be unduly burdensome to do so").

Finally, because of the conflict, Latham has not entered an appearance for Eagle and against its client, Baxter, in the *Eagle v. Baxter* case. Courts routinely emphasize that counsel who are not of record in a case should not be permitted access to parties' confidential information. *See, e.g., Koninklijke Philips N.V. v. Amerlux, LLC*, 167 F. Supp. 3d 270, 273 (D. Mass. 2016). And because Eagle's "request to distribute a party's confidential material to persons outside the litigation within which the documents are produced" is "the exception to the standard rule concerning protective orders," the Court should adopt Baxter's proposal. *See McKinley Med., LLC v. Medmarc Cas. Ins. Co.*, 2012 WL 415422, at *2 (D. Colo. Feb. 6, 2012).

---

[4] Latham requested a limited conflicts waiver from Baxter to appear in *Eagle Pharmaceuticals, Inc. v. Celerity Pharmaceuticals, LLC*, 22-cv-00042 (D. Del.), but not in this case.
[5] *See* D. Del. LR 83.6(d)(2).
[6] Mindful of Latham's ethical obligations, Baxter proposed a separate, Baxter-only protective order. Eagle, however, insisted that all parties sign a single protective order that includes Latham.

3

Dated: August 6, 2024

| MORRIS JAMES LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| By: /s/ *Kenneth L. Dorsney*<br>    Kenneth L. Dorsney (#3726)<br>    Cortlan S. Hitch (#6720)<br>    500 Delaware Avenue, Suite 1500<br>    Wilmington, DE 19801<br>    (302) 888-6800<br>    kdorsney@morrisjames.com<br>    chitch@morrisjames.com<br><br>*Attorneys for Defendants Apotex Inc. and Apotex Corp.* | By: /s/ *Philip A. Rovner*<br>    Philip A. Rovner (#3215)<br>    Hercules Plaza<br>    P.O. Box 951<br>    Wilmington, DE 19899<br>    (302) 984-6000<br>    provner@potteranderson.com<br><br>*Attorneys for Defendant Baxter Healthcare Corporation*<br><br>SMITH KATZENSTEIN & JENKINS LLP<br><br>By: /s/ *Daniel A. Taylor*<br>    Neal C. Belgam (No. 2721)<br>    Daniel A. Taylor (No. 6934)<br>    1000 West Street, Suite 1501<br>    Wilmington, DE 19801<br>    (302) 652-8400<br>    nbelgam@skjlaw.com<br>    dtaylor@skjlaw.com<br><br>*Attorneys for Defendant Slayback Pharma LLC* |

11686786