# EXHIBIT A

*Eagle Edits 7/10/24*~~Defendants' Edits 7/05/2024~~

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC., | C.A. No. 24-64-JLH |
| Plaintiff, | |
| v. | |
| APOTEX INC., AND APOTEX CORP., | |
| Defendants. | |
| EAGLE PHARMACEUTICALS, INC., | C.A. No. 24-65-JLH |
| Plaintiff, | |
| v. | |
| SLAYBACK PHARMA LLC, | |
| Defendant. | |
| EAGLE PHARMACEUTICALS, INC., | C.A. No.: 24-66-JLH |
| Plaintiff, | |
| v. | |
| BAXTER HEALTHCARE CORPORATION, | |
| Defendant. | |

## PROTECTIVE ORDER

Plaintiff Eagle Pharmaceuticals, Inc., Defendant Apotex Inc., Defendant Apotex Corp., Defendant Slayback Pharma LLC, and Defendant Baxter Healthcare Corporation assert that they possess confidential information in the form of trade secrets or other confidential and proprietary business, research, development, financial, personal and/or technical information related to the subject matter of the above-captioned litigation. The parties recognize that it may be necessary to

disclose certain of the asserted confidential information during the course of this litigation. As a result, the parties desire to limit disclosure and prevent use of such information for any purposes other than the prosecution and defense of this litigation. In addition, the parties contemplate that non-parties may produce confidential information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order (hereinafter, "Order").

## 1.   DEFINITIONS

(a)   *Confidential Information*: The term "Confidential Information" shall mean any Discovery Material designated by a Producing Party as CONFIDENTIAL that the Producing Party claims in good faith constitutes, contains, reveals, relates to, or reflects information (i) that the Producing Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, (ii) that the Producing Party believes in good faith is significantly sensitive, or (iii) protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

(b)   *Highly Confidential Information*: The term "Highly Confidential Information" shall mean any Discovery Material designated by a Producing Party as HIGHLY CONFIDENTIAL that the Producing Party claims in good faith constitutes, reveals, relates to, or reflects information that contains highly sensitive financial or strategic information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

(c)   *Discovery Material:* The term "Discovery Material" shall mean any Document (as defined below), material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including, for example, exhibits,

2

answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

(d)     *Document:* The term "Document" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, numbers, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of electronically stored information, and all other tangible things which come within the meaning of "writing" contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

(e)     *Producing Party:* The term "Producing Party" shall mean any party to these~~is~~ action~~s~~ or any third party, including its counsel, retained experts, directors, officers, employees, business partners, or agents, who produces any Discovery Material.

(f)     *Receiving Party:* The term "Receiving Party" shall mean any party to these~~is~~ action~~s~~, including its counsel, retained experts, directors, officers, employees, business partners, or agents, who receives any Discovery Material in this action.

(g)     *Scope:* The scope of this Order shall be understood to encompass not only Confidential Information or Highly Confidential Information which is expressly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, respectively, but also any information derived therefrom, including all copies, excerpts, and summaries thereof, whether partial or complete, as well as testimony and oral conversations which reveal all or part of that information. Further, information that becomes available to any party via inspection, measuring, analyzing, or testing

3

of any sample or thing designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant

to this Order, or which is prepared or derived by utilizing information designated as

CONFIDENTIAL or HIGHLY CONFIDENTIAL and supplied under this Order, shall be

considered CONFIDENTIAL or HIGHLY CONFIDENTIAL, as the case may be, under this

Order.

## 2.    PROCEDURE FOR DESIGNATING MATERIALS

Documents, information, materials, pleadings, legal memoranda, expert statements, and

discovery responses, in whole or in part, may be designated as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" as follows:

(a)    In the case of Documents or any other tangible thing produced, designations shall

be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each

page of the document or on the cover or in a prominent place on any other tangible thing prior to

production of the document or tangible thing;

(b)    In producing original files and records for inspection, no marking need be made

by the Producing Party in advance of the inspection;

(c)    In the case of deposition testimony and transcripts or portions thereof, designation

shall be made by the Producing Party either (i) on the record during the deposition, in which case

the portion of the transcript of the designated testimony shall be bound in a separate volume and

marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the reporter, or (ii) by

captioned, written notice to the reporter and all counsel of record, given within fourteen (14)

days after the reporter sends written notice to the deponent or the deponent's counsel that the

transcript is available for review, in which case all counsel receiving such notice shall be

responsible for marking the copies of the designated transcript or portion thereof in their

possession or control as directed by the Producing Party or deponent. Pending expiration of the

fourteen (14) days, all parties and, if applicable, any third-party witnesses or attorneys, shall treat the deposition transcript as if it had been designated "HIGHLY CONFIDENTIAL." No person shall attend the designated portions of such depositions unless such person is an authorized recipient of Confidential Information or Highly Confidential Information under the terms of this Order or the parties agree to such person's attendance.

(d)      When a party wishes to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" its own materials produced by someone else, such designation shall be made: (i) within fourteen (14) days from the date that the party requesting the designation receives copies of such materials from the producing or disclosing entity; and (ii) by written notice to all parties to this action and to the producing party, if such party is not a party to this action, and identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material). Such notice may be provided by e-mail. The parties receiving such materials agree to treat them as "HIGHLY CONFIDENTIAL" materials under this Protective Order until expiration of said fourteen (14) day period or until designation is made as set forth above within said fourteen (14) day period.

## 3.      CONTESTING THE DESIGNATION

(a)      No party to this action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

(b)      Any party may contest a claim of confidentiality. Any party objecting to the designation of any Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" must give outside counsel of record for the Producing Party written notice of its reasons for the objection. Failing resolution after service of the written notice of its reasons for the objection, the

5

party objecting may, on a duly noticed motion, seek an order changing or removing the designation. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality, i.e., the Producing Party, but information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be deemed as such until the matter is resolved.

**4.      RESTRICTION ON DISCLOSURE AND USE**

(a)      *Confidentiality.* Confidential Information or Highly Confidential Information and the information derived from such Confidential Information or Highly Confidential Information (excluding information that is derived lawfully from an independent source) shall be kept confidential, shall not be used for any purposes other than the prosecution and defense of this action and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order, subject to the provision in paragraph 21.

(b)      *Maintenance of Confidential Information.* Confidential Information and Highly Confidential Information shall be maintained by the Receiving Party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

(c)      A Producing Party is free to do whatever it desires with its own Confidential Information or Highly Confidential Information.

(d)      For the avoidance of doubt, nothing in this Order shall permit any Receiving Party to give, show, make available, discuss, or otherwise communicate in any manner Confidential Information or Highly Confidential Information produced by any Producing Party in its respective above-captioned action to any party in a different action without permission of the Producing Party. ~~Notwithstanding the foregoing, to the extent necessary to facilitate the filing~~

6

and/or service of documents containing, and the conduct of proceedings involving, more than one Producing Party's Confidential Information or Highly Confidential Information, such information may be included, and the document or transcript containing more than one Producing Party's Confidential Information or Highly Confidential Information shall be labeled as "Highly Confidential Outside Counsel's Eyes Only— Contains [Confidential/Highly Confidential] of [Producing Parties]."

**5.    ACCESS TO CONFIDENTIAL INFORMATION**

(a)    Confidential Information shall be available only to the following persons subject to the terms of Paragraph 6:

(i)    One approved in-house Personnel of a party.  The party shall identify their proposed in-house Personnel by written notice to each other party at least five (5) business days before receiving any disclosure of Confidential Information. The notice shall include the in-house Personnel's title or position and shall include a signed Acknowledgement of Protective Order, which is attached as Exhibit A. "Personnel" shall include only (i) in-house counsel or other employee who have primary responsibility for this litigation and (ii) do not have competitive decision making authority for or direct oversight of sales and marketing or otherwise substantively participate in client decisions (such as pricing and product design) that are made in light of similar or corresponding information about a competitor with respect to any bendamustine dosage form.  If the need arises, a party may replace an in-house Personnel entitled to receive Confidential Information with another of its in-house Personnel with notice of the replacement to the opposing party.

(ii)    Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, clerks, secretaries, contract attorneys, IT personnel, and clerical personnel;

7

(iii)       Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending or qualified court reporters;

(iv)       Approved consultants or experts and their clerical staff, excluding employees, officers or directors of a named party or owners of more than a two-percent interest in a named party, retained by any of the parties or their counsel to consult or testify in the case;

(v)       Authors or drafters; addressees; anyone who received the documents or information prior to the commencement of this action; or anyone who received the document or information during this action but only if they obtained the document or information independently and outside of this action and not in violation of this Order; anyone who is a current employee of the Producing Party; and anyone who is a previous employee of the Producing Party provided that the Confidential Information or Highly Confidential Information is shared with the previous employee of the Producing Party only during a deposition or during an evidentiary proceeding taken in this action.

(vi)       Litigation support consultants engaged to provide services relating to document processing, indexing, scanning, imaging or storage, translation, interpretation, demonstrative exhibits, graphics, charts, animations, design services, and/or non-technical trial services, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement. Where a company or firm is retained for such litigation support services, it shall be sufficient for purposes of this Order that a representative of such company or firm sign the attached Acknowledgement on behalf of the company or firm. Such representative shall be responsible for ensuring that any employee, consultant, or representative of that company or firm who receives Confidential or Highly Confidential information abides by the provisions of this Order;

8

(vii)     Court reporters and videographers taking testimony involving information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and necessary stenographic and clerical personnel thereof;

(viii)     Trial consulting services retained by a party in this action, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement. Where a company or firm is retained for such trial consulting services, it shall be sufficient for purposes of this Order that a representative of such company or firm sign the attached Acknowledgement on behalf of the company or firm. Such representative shall be responsible for ensuring that any employee, consultant, or representative of that company or firm who receives Confidential or Highly Confidential information abides by the provisions of this Order;

(ix)     Persons who have been retained by a party to provide translation or interpretation from one language to another, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement.  Where a company or firm is retained for such trial consulting services, it shall be sufficient for purposes of this Order that a representative of such company or firm sign the attached Acknowledgement on behalf of the company or firm. Such representative shall be responsible for ensuring that any employee, consultant, or representative of that company or firm who receives Confidential or Highly Confidential information abides by the provisions of this Order;

(x)     Mock judges or jurors retained by a party in this action, excluding individuals who are officers, directors, or employees of a named party, or owners of more than a two-percent interest in a named party, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement;

9

(xi)      Any other person authorized to receive Confidential Information or Highly Confidential Information by order of the Court or by written agreement of the parties.

(b)      Material produced and marked as Highly Confidential Information may be disclosed only to individuals identified in Paragraphs 5(a)(ii) – (xi), and to any other persons as counsel for the Producing Party agrees in advance or as otherwise Ordered by the Court.

## 6.    CONDITIONS ON ACCESS TO CONFIDENTIAL INFORMATION

(a)      *Consultants and Experts*. Prior to a party giving, showing, disclosing, making available or communicating Confidential Information or Highly Confidential Information to any expert or consultant under Paragraphs 5(a)(iv) above, the party shall:

(i)      Serve a notice on all other parties, identifying the expert or consultant and the expert's or consultant's business address, business telephone numbers, present employer and position (along with a job description), consulting activities and job history for the past three years, and past or present relationship, if any, with any parties in the above-captioned action and their affiliates. Furthermore, the most recent curriculum vitae or resume of the expert or consultant shall be provided under this section. If the most recent curriculum vitae or resume of the expert or consultant provides the information required under this paragraph, then the information need not be separately provided.

(ii)      Include with such notice, a copy of the Acknowledgment of Protective Order, in the form shown in Exhibit A, which is attached hereto, signed by the expert or consultant and including all the information to be completed therein. The notified parties shall be entitled to object to disclosure of Confidential Information or Highly Confidential Information to the expert or consultant within five (5) business days after receipt of the Acknowledgment of Protective Order by stating specifically in writing the reasons why such expert or consultant should not receive Confidential Information or Highly Confidential Information.

10

(iii)       If the parties are unable to agree on disclosure to the expert or consultant, the party objecting to such expert or consultant may apply to the Court for an order that disclosure is improper within ten (10) business days of its objection. The burden of establishing the validity of such written objections rests with the objecting party. If the objecting party does not apply to the Court within the prescribed period, the objection shall be deemed withdrawn.

(iv)       No disclosure of Confidential Information or Highly Confidential Information shall be made to the proposed expert or consultant until the time for serving objections to that expert or consultant has passed, or, in the event that a written objection is timely served and a motion to prevent disclosure is filed, until such time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

(v)       The filing and pendency of objections shall not limit, delay, or defer any disclosures of Confidential Information or Highly Confidential Information to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

(b)       *Patent Prosecution.* Any attorney for or representing any Party, whether in-house or outside counsel, and any person associated with any Party and permitted to receive Confidential and/or Highly Confidential Information pursuant to Paragraph 5 herein, including any in-house Personnel, who obtains, receives, has access to, or otherwise learns, in whole or in part, Confidential and/or Highly Confidential Information under this Order shall not prepare, prosecute, supervise, or substantively assist in the drafting or amending of patent claims in any patent application pertaining to bendamustine, including dosage forms thereof, or the disclosed Confidential and/or Highly Confidential information during the pendency of this case and for

11

one year after the conclusion of this litigation, including any appeals. Any attorney for or representing any Party, whether in-house or outside counsel, and any person associated with any Party and permitted to receive Confidential and/or Highly Confidential information pursuant to Paragraph 5 herein, who obtains, receives, has access to, or otherwise learns, in whole or in part, Confidential and/or Highly Confidential information under this Order shall not amend, draft, or otherwise substantively assist in the drafting or amending of patent claims in any post-grant proceeding (e.g., reexamination, post-grant review ("PGR") or inter partes review ("IPR") proceedings, nullity proceedings, etc.) pertaining to bendamustine, dosage forms thereof, or the disclosed Confidential and/or Highly Confidential information during the pendency of this case and for one year after the conclusion of this litigation, including any appeals. Nothing herein shall prohibit an individual from participating, supervising, or assisting with respect to any post-grant proceeding (or appeals therefrom), so long as that individual does not participate in any claim amendments. Any attorney for or representing any Party, whether in-house or outside counsel, and any person associated with any Party shall not directly or indirectly use and/or disclose Confidential and/or Highly Confidential Information to any individuals involved in drafting, amending, or prosecuting patent claims pertaining to bendamustine or dosage forms thereof. The foregoing restrictions of this Paragraph 6(b) shall apply only to individuals, and not to the firms or organizations by which they are employed, nor to individuals who received access to Confidential Information or Highly Confidential Information solely in their capacity as clerical staff. Nothing in this paragraph shall be construed as a waiver of the other provisions of this Order, including but not limited to those provisions restricting the use and disclosure of Confidential and/or Highly Confidential Information.

ME1 48706466v.1

(c)    *Activities at the U.S. Food and Drug Administration ("FDA")*.  For the length of this action plus two (2) years after final termination, including any appeals, any attorney for or representing a Party, whether in-house or outside counsel, and any person associated with a Party who is permitted to receive Confidential and/or Highly Confidential Information pursuant to Paragraph 5 herein, who obtains, receives, accesses, or otherwise learns, in whole or in part, Confidential and/or Highly Confidential Information under this Order shall not provide assistance for, or participate in, any proceedings before the FDA or the United States Pharmacopoeia (including, without limitation, citizens petitions) regarding any applications of another Party or a third party as described in sections 505(b)(1), 505(b)(2) or 505(j) that refer or relate to any bendamustine product. Notwithstanding the foregoing , any attorney for or representing a Party, whether in-house counsel or outside counsel, and any person associated with a Party who is permitted to receive Confidential and/or Highly Confidential Information pursuant to Paragraph 5 herein, who obtains, receives, accesses, or otherwise learns, in whole or in part, Confidential and/or Highly Confidential Information under this Order shall not be precluded from providing assistance for, or participating in, any proceedings before the FDA or the United States Pharmacopoeia (including, without limitation, citizens petitions) regarding a Party's own NDA, ANDA, or equivalent foreign application.

(d)    *Authorization and Acknowledgment.* Counsel for the Receiving Party shall keep in his or her files a copy of each Acknowledgment of Protective Order executed by an individual required to execute an Acknowledgement prior to receipt of the Producing Party's Confidential Information or Highly Confidential Information until sixty (60) calendar days after the final termination of this action.

**7.**     **PROCEDURES FOR FILING PAPERS WITH CONFIDENTIAL INFORMATION**

Confidential Information or Highly Confidential Information may be included with, or referred to in, papers filed with the Court where this case is now pending or in any other court only in accordance with the following procedures:

(a)     Both Confidential Information and Highly Confidential Information must be filed under seal. Counsel for all parties shall follow all applicable local rules and customs for the Court when filing Confidential Information or Highly Confidential Information under seal.

(b)     All papers filed with the Court, including but not limited to pleadings and memoranda of law, which include, in their entirety or in part, any Confidential Information or Highly Confidential Information must be filed under seal in accordance with the terms and procedures set forth in this Order, including the procedures for filing materials set forth above in Paragraph 7(a). Counsel for the party filing papers with Confidential Information or Highly Confidential Information shall be responsible for appropriately designating the papers filed with the Court as having Confidential Information or Highly Confidential Information. Such papers shall be subject to the terms of this Order.

**8.**     **REDACTED FILINGS OF PAPERS WITH CONFIDENTIAL INFORMATION**

Redacted versions of papers with Confidential Information or Highly Confidential Information filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that:

(a)     All Confidential Information and/or Highly Confidential Information set forth in the papers is deleted or obscured; and

(b)     Redacted versions of the papers are clearly marked "Public Version Confidential Material Omitted." Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

14

9.      **UNINTENTIONAL FAILURE TO DESIGNATE**

The inadvertent failure by a producing party to designate specific documents or materials as containing Confidential Information or Highly Confidential Information shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. If, through inadvertence, a Producing Party provides any Confidential Information or Highly Confidential Information pursuant to this litigation without designating and marking the Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Confidential Information, and the Receiving Party shall treat the disclosed Confidential Information or Highly Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Confidential Information or Highly Confidential Information. Disclosure of such Confidential Information or Highly Confidential Information to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take the reasonable steps necessary to conform distribution to the categorical designation, i.e., by retrieving all copies of the Confidential Information or Highly Confidential Information, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Confidential Information or Highly Confidential Information and advising the person to whom disclosure was made that the material is confidential and should be treated as provided in the Order. For purposes of this provision, all failures to designate that a Party claims were inadvertent shall be deemed to be inadvertent.

15

**10.     DISCLOSURE OF PRIVILEGED INFORMATION**

(a)     Notwithstanding anything to the contrary in FED. R. CIV. P. 26(b)(5)(B), the inadvertent production or disclosure of any document or tangible thing (including information) that should have been withheld subject to a claim of attorney-client privilege or work product immunity, or other privilege or immunity, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or work product immunity. In such an event, the Producing Party shall send to each receiving party a written request for return of the inadvertently produced or disclosed document or thing within five (5) business days after becoming aware of such inadvertent or mistaken production. Within five (5) business days of receiving a written request to do so from the Producing Party, the Receiving Party shall: (a) destroy or return to the Producing Party any documents or tangible items that the Producing Party represents are covered by a claim of attorney-client privilege or work-product immunity, or other privilege or immunity, and were inadvertently or mistakenly produced; and (b) destroy any extra copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information, including any electronic records thereof. If the Receiving Party destroys the documents or tangible items in question, the Receiving Party shall notify the Producing Party that it has done so within the five (5) business-day window described above. The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information.

(b)     If the Receiving Party wishes to contest that any such document or thing is protected from disclosure by the attorney-client privilege, work product immunity or other privilege or immunity from discovery, it shall so notify the Producing Party in writing of its contention when the document or thing is returned to the Producing Party or destroyed ("Notice of Designation").

16

(c)      Within five (5) days after receiving a Notice of Designation, the Producing Party

shall provide to the Receiving Party for each document or thing a description of the basis for the

claim of privilege or immunity.

(d)      Within five (5) days after receiving such description, the Receiving Party may

seek relief from the Court to compel production of such documents and things, the protection of

which is still disputed, in accordance with the procedures set forth in the Court's Scheduling

Order for resolution of discovery disputes. The party claiming the privilege or immunity shall

have the burden of proving that such privilege or immunity exists.

(e)      With respect to documents and things subsequently generated by a receiving

party, which documents and things contain information derived from such inadvertently

produced documents and things, if the Receiving Party does not notify the Producing Party that

the Receiving Party disputes the claims of attorney-client privilege or work-product immunity, or

if the Court rejects any challenge by the Receiving Party to the privileged status of the

inadvertent production, the Receiving Party shall either destroy the derivative documents and

things or redact from them all such derivative privilege or work-product information in a manner

such that the derivative information cannot in any way be retrieved or reproduced.

(f)      If, in a deposition, hearing, or other proceeding the party who made the

inadvertent production or disclosure makes a request on the record for return of the inadvertently

produced or disclosed document or thing within a reasonably prompt period of time after

recognizing that the information has been produced or disclosed, all copies of the inadvertently

produced or disclosed document or thing present at the deposition, hearing, or other proceeding

shall immediately be sequestered and there shall be no further use of the inadvertently produced

or disclosed document or thing. For the avoidance of any dispute, the marking of an

17

inadvertently produced or disclosed document or thing as an exhibit at deposition, hearing, or other proceeding has no bearing on the timeliness of the request for return. The procedures set forth in this paragraph for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity.

For purposes of this provision, any disclosure of information that Party claims is privileged or subject to work product protections shall be deemed to be inadvertent.

## 11.    INFORMATION NOT COVERED BY THIS ORDER

The restrictions set forth in this Order shall not apply to information which is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, or which lawfully comes into the possession of or becomes known to the Receiving Party or lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not come into the possession of the Receiving Party or become publicly known by any act or omission which would be in violation of this Order, a similar Order with respect to another party, or any other duty of confidentiality.

## 12.    RESPONSIBILITY OF ATTORNEYS

Outside counsel of record shall be responsible for providing a copy of this Order to all persons entitled access to Confidential Information or Highly Confidential Information under Paragraph 5 and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated. No person shall duplicate any Confidential Information or Highly Confidential Information except, as contemplated by this Order, for use as exhibits at depositions, in connection with court filings or, as necessary, by counsel, experts or

18

consultants approved under Paragraphs 5 and 6 for use as working copies. All copies, extracts and translations must be appropriately marked and are subject to Paragraph 13 of this Order.

13.     **FINAL DISPOSITION**

Upon termination, settlement or final judgment of this litigation including exhaustion of all appeals, the originals and all copies of Confidential Information and Highly Confidential Information shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) calendar days, except that a party is not obligated to return or destroy Confidential Information or Highly Confidential Information that may be contained on electronic back-up tapes or other archival media, which should be treated in accordance with standard retention policies, i.e., which are not retained indefinitely without being overwritten. Retained counsel also may retain pleadings, attorney and consultant work product, correspondence, and depositions for archival purposes. If Confidential Information or Highly Confidential Information is destroyed pursuant to this paragraph, outside counsel for the Receiving Party shall provide to outside counsel for the Producing Party a certification identifying when and how the destruction was performed.

14.     **DISCLOSURE OF CONFIDENTIAL INFORMATION AT TRIAL OR PRE-TRIAL HEARINGS**

Counsel shall confer with the Court regarding procedures to protect the confidentiality of any material marked, labeled, or otherwise designated CONFIDENTIAL or HIGHLY CONFIDENTIAL that a party or any of its witnesses may use, refer to, disclose, or admit into evidence during trial or any hearing in this Action.

15.     **NO LIMITATION OF OTHER RIGHTS**

This Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

19

**16.     RELEASE FROM OR MODIFICATION OF THIS ORDER**

This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information. This Order does not preclude all of the parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order. On any motion seeking disclosures beyond those authorized by this Order, the burden will be on the Receiving Party to justify the disclosure.

**17.     DISCOVERY FROM THIRD PARTIES**

If discovery is sought of a person not a party to this action (third party) requiring disclosure of such third party's Confidential Information or Highly Confidential Information, the Confidential Information and/or Highly Confidential Information disclosed by any such third party will be accorded the same protection as the parties' Confidential Information/Highly Confidential Information, and will be subject to the same procedures as those governing disclosure of the parties' Confidential Information/Highly Confidential Information pursuant to this Order.

**18.     ADMISSIBILITY**

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this matter. The marking of Confidential Information as CONFIDENTIAL or Highly Confidential Information as HIGHLY CONFIDENTIAL pursuant to this Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and

accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of Confidential Information marked as CONFIDENTIAL or Highly Confidential Information marked as HIGHLY CONFIDENTIAL.

## 19.   NON-PARTY REQUEST/SUBPOENA OF CONFIDENTIAL INFORMATION

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of a Producing Party's Confidential Information or Highly Confidential Information, that Receiving Party shall give written notice to outside counsel of record for the Producing Party within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific Confidential Information or Highly Confidential Information sought and enclosing a copy of the subpoena or other compulsory process. If written notice to the Producing Party must be provided by an earlier time to allow the Producing Party to timely seek a protective order, the Receiving Party must provide written notice by that earlier time. If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Confidential Information or Highly Confidential Information requested prior to receiving a Court order or consent of the Producing Party. In the event that Confidential Information and/or Highly Confidential Information is produced, other than by Court order, to the non-party in accordance with this provision, such material shall be treated as Confidential Information or Highly Confidential Information pursuant to this Order.

## 20.   UNINTENTIONAL DISCLOSURE OF CONFIDENTIAL INFORMATION

If Confidential Information, Highly Confidential Information, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the Receiving Party shall use its best efforts to

21

retrieve immediately all copies of such Confidential Information or Highly Confidential Information, and to bind such person to the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Acknowledgment of Protective Order in the form shown in Exhibit A.

## 21.    COUNSEL'S RIGHT TO PROVIDE ADVICE

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Confidential Information or Highly Confidential Information, provided, however that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any Confidential Information or Highly Confidential Information to anyone not authorized to receive such Confidential Information or Highly Confidential Information pursuant to the terms of this Order.

## 22.    DISCOVERABILITY OF EXPERT MATERIALS

Discovery of communications between counsel and any independent expert retained or specially employed by that counsel for purposes of this litigation shall be limited to the factual information, analyses, documents, and/or data relied on by the expert in rendering the opinions expressed in an expert report or at trial. Except as otherwise provided herein, all communications between counsel and the expert relating to the process of preparing an expert report or developing opinions for trial, including all preliminary or draft reports, expert working papers, notes, and communications relating thereto, shall be deemed exempt from discovery and use at trial.

**23.    NO CONTRACT**

To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

**24.    EFFECTIVE DATE**

Documents that have been produced in this case on a confidential or highly confidential basis prior to the entry of this Order shall henceforth be subject this Order.

**25.    TERMINATION**

The termination of this action shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

**26.    OTHER PROCEEDINGS**

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**27.    LATHAM & WATKINS LLP RESTRICTION**

For the avoidance of doubt and notwithstanding anything to the contrary in this Order, because Latham & Watkins LLP is not counsel of record in *Eagle Pharmaceuticals Inc. v.*

*Baxter Healthcare Corporation*, 24-cv-66 (D. Del.) (the "Baxter Action"), Confidential or

Highly Confidential information produced by Baxter in the Baxter Action shall not be given,

shown, made available, discussed, or otherwise communicated in any manner to Latham &

Watkins LLP, except as follows:.  Latham & Watkins LLP may receive Baxter Confidential or

Highly Confidential information when such information is filed with the Court.  This provision

shall not constitute a waiver of Latham's ethical obligations with respect to the treatment of

Baxter Confidential or Highly Confidential information. solely as necessary to facilitate joint

administration of these cases, including (i) Latham & Watkins LLP may receive Baxter

Confidential or Highly Confidential information included in joint filings, discovery, and other

joint materials; and (ii) McCarter & English, LLP may share Baxter Confidential or Highly

Confidential information with Latham & Watkins LLP solely for the purpose of including Baxter

Confidential or Highly Confidential information in Eagle filings, discovery responses, reports,

contentions, or other materials submitted in all three cases.

Dated: DRAFT

| MCCARTER & ENGLISH, LLP | MORRIS JAMES LLP |
|---|---|
| */s/ DRAFT* | */s/ DRAFT* |
| Daniel M. Silver (#4758) | Kenneth L. Dorsney |
| Alexandra M. Joyce (#6423) | Cortlan S. Hitch |
| Maliheh Zare (#7133) | 500 Delaware Avenue, Suite 1500 |
| 405 N. King Street, 8th Floor | Wilmington, DE 19801 |
| Wilmington, DE 19801 | kdorsney@morrisjames.com |
| (302) 984-6300 | chitch@morrisjames.com |
| dsilver@mccarter.com | |
| ajoyce@mccarter.com | |
| mzare@mccarter.com | OF COUNSEL: |
| | |
| OF COUNSEL: | Deepro R. Mukerjee |

24

Daniel G. Brown
Kelly A. Welsh
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite
2800
Chicago, IL 60611
(312) 876-7700

*Attorneys for Plaintiff Eagle Pharmaceuticals Inc. in C.A. Nos. 24-64-JLH and 24-65-JLH*

Lance A. Soderstrom
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Center
New York, NY 10020-1605
deepro.mukerjee@katten.com
lance.soderstrom@katten.com

Jitendra Malik
Joseph M. Janusz
KATTEN MUCHIN ROSENMAN LLP
550 South Tyron Street, Suite 2900
Charlotte, NC 28202
jitty.malik@katten.com
joe.janusz@katten.com

Christopher B. Ferenc
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Avenue, NW Suite 800
Washington, DC 20006
Christopher.ferenc@katten.com

Rachel L. Schweers
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661
rachel.schweers@katten.com

*Attorneys for Defendants Apotex Inc. and Apotex Corp.*

**SMITH KATZENSTEIN & JENKINS LLP**

*s/ DRAFT*
Daniel A. Taylor
Neal C. Belgam

1000 West Street, Suite 1501
Wilmington, DE 19801
Dtaylor@skjlaw.com
Nbelgam@skjlaw.com

Andrew Miller
Ajay Kayal
Connie Huttner

25

Robyn Ast-Gmoser
WINDELS MARX LANE &
MITTENDORF, LLP
One Giralda Farms
Madison, NJ 07940
amiller@windelsmarx.com
akayal@windelsmarx.com
chuttner@windelsmarx.com
rast-gmoser@windelsmarx.com

*Attorneys for Defendant Slayback Pharma
LLC*

26

| | |
|---|---|
| **MCCARTER & ENGLISH, LLP** | **POTTER ANDERSON & CORROON LLP** |
| */s/ DRAFT* | */s/ DRAFT* |
| Daniel M. Silver (#4758) | Philip A. Rovner (#3215) |
| Alexandra M. Joyce (#6423) | P.O. Box 951 |
| Maliheh Zare (#7133) | Wilmington, DE 19899 |
| 405 N. King Street, 8th Floor | provner@potteranderson.com |
| Wilmington, DE 19801 | |
| (302) 984-6300 | OF COUNSEL: |
| dsilver@mccarter.com | |
| ajoyce@mccarter.com | Martin J. Black |
| mzare@mccarter.com | Judah Bellin |
| | DECHERT LLP |
| OF COUNSEL: | Cira Centre, 2929 Arch Street |
| | Philadelphia, PA 19104 |
| Wyley S. Proctor | Martin.black@dechert.com |
| MCCARTER & ENGLISH, LLP | Judah.bellin@deckert.com |
| 265 Franklin Street | |
| Boston, MA 02110 | Amanda K. Antons |
| (617) 449-6529 | DECHERT LLP |
| wproctor@mccarter.com | 35 W. Wacker Drive, Suite 3700 |
| | Chicago, IL 60601 |
| *Attorneys for Plaintiff Eagle* | Amanda.antons@dechert.com |
| *Pharmaceuticals, Inc. in* | |
| *C.A. No. 24-66-JLH* | Noah M. Leibowtiz |
| | DECHERT LLP |
| | Three Bryant Park |
| | 1095 Avenue of the Americas |
| | New York, NY 10036 |
| | Noah.leibowitz@dechert.com |
| | |
| | *Attorneys for Defendant Baxter* |
| | *Healthcare Corporation* |

SO ORDERED this _____day of_____.


_____
United States District Judge

*Eagle Edits 7/10/24*~~Defendants' Edits 7/05/2024~~

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC., | |
| Plaintiff, | C.A. No. 24-64-JLH |
| v. | |
| APOTEX INC., AND APOTEX CORP., | |
| Defendants. | |
| EAGLE PHARMACEUTICALS, INC., | |
| Plaintiff, | C.A. No. 24-65-JLH |
| v. | |
| SLAYBACK PHARMA LLC, | |
| Defendant. | |
| EAGLE PHARMACEUTICALS, INC., | |
| Plaintiff, | C.A. No.: 24-66-JLH |
| v. | |
| BAXTER HEALTHCARE CORPORATION, | |
| Defendant. | |

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

I,_____ state that I have read and reviewed in its entirety the

Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not

to disseminate or disclose any information subject to the Protective Order that I review or about

which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.


DATED _____this day of_____,_____.

(Signature)

_____

30

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WILDCAT LICENSING WI LLC,

    *Plaintiff,*

    v.

BAYERISCHE MOTOREN WERKE AG,
BMW MANUFACTURING CO., LLC, and
BMW OF NORTH AMERICA, LLC,

    *Defendants.*

C.A. No. 1:19-cv-00834-MN-JLH

**JURY TRIAL DEMANDED**

---

WILDCAT LICENSING WI LLC,

    *Plaintiff,*

    v.

FAURECIA S.A., FAURECIA USA HOLDINGS,
INC., FAURECIA INTERIOR SYSTEMS, INC.,
FAURECIA AUTOMOTIVE SEATING, LLC,
FAURECIA MADISON AUTOMOTIVE
SEATING, INC., FAURECIA EMISSIONS
CONTROL TECHNOLOGIES, USA, LLC,
FAURECIA EMISSIONS CONTROL SYSTEMS
NA, LLC, and FAURECIA AUTOMOTIVE
HOLDINGS, INC.,

    *Defendants.*

C.A. No. 1:19-cv-00839-MN-JLH

**JURY TRIAL DEMANDED**

---

WILDCAT LICENSING WI LLC,

    *Plaintiff,*

    v.

FCA US LLC, FCA ITALY S.P.A., and
FIAT CHRYSLER AUTOMOBILES N.V.,

    *Defendants.*

C.A. No. 1:19-cv-00840-MN-JLH

**JURY TRIAL DEMANDED**

WILDCAT LICENSING WI LLC,

     *Plaintiff,*

     v.

FORD MOTOR COMPANY,

     *Defendant.*

C.A. No. 1:19-cv-00842-MN-JLH

**JURY TRIAL DEMANDED**

---

WILDCAT LICENSING WI LLC,

     *Plaintiff,*

     v.

GENERAL MOTORS LLC,

     *Defendant.*

C.A. No. 1:19-cv-00843-MN-JLH

**JURY TRIAL DEMANDED**

---

WILDCAT LICENSING WI LLC,

     *Plaintiff,*

     v.

JAGUAR LAND ROVER LIMITED and
JAGUAR LAND ROVER NORTH AMERICA,
LLC,

     *Defendants.*

C.A. No. 1:19-cv-00844-MN-JLH

**JURY TRIAL DEMANDED**

---

WILDCAT LICENSING WI LLC,

     *Plaintiff,*

     v.

LEAR CORPORATION and
LEAR AUTOMOTIVE MANUFACTURING,
LLC,

     *Defendants.*

C.A. No. 1:19-cv-00845-MN-JLH

**JURY TRIAL DEMANDED**

WILDCAT LICENSING WI LLC,

       *Plaintiff,*

      v.

MAGNA INTERNATIONAL INC., MAGNA
INTERNATIONAL OF AMERICA, INC.,
MAGNA POWERTRAIN INC., MAGNA
POWERTRAIN OF AMERICA, INC., MAGNA
POWERTRAIN USA, INC., MAGNA SEATING
OF AMERICA, INC., MAGNA EXTERIORS OF
AMERICA, INC., MAGNA CLOSURES OF
AMERICA, INC., and COSMA
INTERNATIONAL INC.,

       *Defendants.*

C.A. No. 1:19-cv-00846-MN-JLH

**JURY TRIAL DEMANDED**

## STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE
## AND USE OF DISCOVERY MATERIALS

      Plaintiff Wildcat Licensing WI LLC ("Plaintiff") and all of the above-named Defendants who have been served as of the date of this Order (collectively "Defendants") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in the above-captioned cases and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order"):

    1.    **<u>DEFINITIONS</u>**

        (a)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony adduced at deposition upon oral examination or upon written questions,

answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission, or information disclosed pursuant to subpoena under Fed. R. Civ. P. 45) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in the above-captioned cases.

       (b)     "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) partners and associates of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including their administrative staff (e.g., paralegals and secretaries) assigned to and necessary to assist counsel in the preparation or trial of this action.

       (c)     "Asserted Patents" or "Patents-in-suit" means, collectively, U.S. Patent Nos. RE47,220 (the "'220 Patent") and RE47,232 (the "'232 Patent").

       (d)     "Party" means any party who has been served in the above-captioned cases as of the date of this Order, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

       (e)     "Producing Party" means any Party or non-party entity that discloses or produces any Discovery Material in the above-captioned cases.

       (f)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," as provided for in this Order.  Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; (ii) materials that show on their face they have been disseminated to the public; (iii) information that the Receiving Party can show was lawfully in the Receiving Party's possession prior to being designated as Protected Material in this litigation and that the Receiving Party is not otherwise obligated to treat as confidential; (iv)

information that the Receiving Party can show was obtained (without any benefit or use of Protected Material) from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; and (v) information that was submitted to a governmental entity without request for confidential treatment.

(g)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)     "Source Code" means computer code, scripts, assembly code, object code, source code listings, comments for source code, source code revision histories, and descriptions of source code, object code listings, comments for object code, object code revision histories, and descriptions of object code, Verilog or other types of Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and data files containing formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs.

2.     **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rules of Civil Procedure.

3.     **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's

own disclosure or use of its own Discovery Material for any purpose.

(c)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter(s) not be produced at all.

4.     **DURATION**

Unless modified, superseded or terminated pursuant to the terms contained in this Order, this Protective Order shall remain in effect through the conclusion of this litigation.  Even after the termination of the above-captioned cases, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

5.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles.  All Protected Material shall be used solely for the above-captioned cases or any related appellate proceeding and/or proceedings before the United States Patent and Trademark Office (the "USPTO").  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.  To the extent any Party seeks to use Protected Material in connection with proceedings before the USPTO, such Party shall take reasonable steps to (i) file any such Protected Material under seal or otherwise protected from public disclosure; and (ii) request the entry of a protective order containing terms substantially consistent with this Order.

(b)     Secure Storage.  Protected Material must be stored and maintained by a Receiving Party in a reasonably secure manner that ensures that access is limited to the persons authorized under this Order.  The Receiving Party shall exercise at least the same degree of care and employ the same commercially-reasonable security protocols in handling the Protected Material from the Producing Party that it would with its own Protected Material and to confidential

information of a similar nature.

(c)     <u>Legal Advice Based on Protected Material</u>.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to the above-captioned cases based in whole or in part upon Protected Material, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(d)     <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to Order of the Court.

(e)     <u>Cross-Production of Defendant Confidential Material</u>.  No Defendant is required to produce its Protected Material to any other Defendant or Defendants, but nothing in this Order shall preclude such production.  Information produced through discovery in a lawsuit against one Defendant may not be used in a lawsuit against a second Defendant unless it is also timely produced through discovery in the lawsuit against the second Defendant.

(f)     Notwithstanding the provisions of this Protective Order, Plaintiff shall not disclose one Defendant's Protected Material to any other Defendant or Defendants through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means, without the express prior written consent of the Defendant that produced the Protected Material.  A Defendant's consent to the production or disclosure of Protected Material to another Defendant shall not affect the Protected Material's status as Protected Material.  If Plaintiff

seeks to disclose a Defendant's Protected Material to any other Defendant or Defendants, then Plaintiff will seek consent from the Defendant who produced the Protected Material at issue. The Defendant will then have ten (10) business days to respond to the request. Defendant will not unreasonably withhold its consent. If Plaintiff receives no response, then it may proceed with the requested disclosure. If objecting to the disclosure, Defendant shall state the complete grounds for the objection. Thereafter, further dispute shall be resolved in accordance with the following procedures:

(i)     The Plaintiff shall have the burden of conferring either in person, in writing, or by telephone with the objecting Defendant in a good faith effort to resolve the dispute. The Defendant shall have the burden of justifying the objection;

(ii)    Failing agreement, the Plaintiff may bring a motion to the Court for a ruling that the Protected Material in question is entitled to disclosure to any other Defendant or Defendants. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against disclosure of a Defendant's Protected Material to any other Defendant or Defendants, establish any presumption that a particular objection is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)   Notwithstanding any objection to disclosure, the Protected Material in question shall not be disclosed to any other Defendant or Defendants until one of the following occurs:  (a) the Defendant who produced the Protected Material in question withdraws such an objection in writing; or (b) the Court rules that the Protected Material in question may be disclosed to other Defendants.

**6.      <u>DESIGNATING PROTECTED MATERIAL</u>**

(a)     <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such

6

designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE
ATTORNEYS' EYES ONLY – SOURCE CODE."

      (b)    <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery,
documents (which include "electronically stored information," as that phrase is used in Federal
Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality
designations listed in Paragraph 6(a) may be so designated by placing the appropriate designation
on every page of the written material prior to production.  For digital files being produced, the
Producing Party may mark each viewable page or image with the appropriate designation, and mark
the medium, container, and/or communication in which the digital files were contained.  In the
event that original documents are produced for inspection, the original documents shall be
presumed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" during the
inspection and redesignated, as appropriate during the copying process.

      (c)    <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may
designate depositions and other testimony with the appropriate designation by indicating on the
record at the time the testimony is given.  Alternatively, the Producing Party may designate
testimony or information disclosed at the deposition by notifying all parties in writing within five
(5) business days after the Producing Party's receipt of the transcript, of the specific pages and lines
of the transcript that contain Protected Material.  If no indication on the record is made, all
information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEYS' EYES ONLY" until the time within which it may be appropriately
designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or
information contained therein, may provide written notice of its intent to treat the transcript as non-
confidential, after which time, any Party that wants to maintain any portion of the transcript as

confidential must designate the confidential portions within ten (10) business days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## 7. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)     Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel;

(ii)     Outside Counsel's paralegals and staff, and any copying or clerical litigation support services or vendors and their employees working at the direction of such counsel,

paralegals, and staff;

(iii)     In the case of Plaintiff, Wildcat Licensing WI LLC, its owner, Jeffrey W. Salmon, shall have access to Discovery Material designated as "CONFIDENTIAL";

(iv)     In-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for the above-captioned cases, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(v)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 13 below;

(vi)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(vii)     The Court, jury, and court personnel;

(viii)     Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(ix)     At a deposition or at trial, any person who falls within the scope of Paragraph 12 below;

(x)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this

Protective Order; and

        (xi)    Any other person with the prior written consent of the Producing

Party.

## 8.    DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"

        (a)    A Producing Party may designate Discovery Material as "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" if it contains or reflects information

that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes

that the disclosure of such Discovery Material is likely to cause economic harm or significant

competitive disadvantage to the Producing Party.  The Parties agree that the following information,

if nonpublic, shall be presumed to merit the "HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales

information, sales or marketing forecasts or plans, business plans, sales or marketing strategy,

product development information, engineering documents, testing documents, employee

information, highly confidential agreements, and other non-public information of similar

competitive and business sensitivity.

        (b)    Unless otherwise ordered by the Court, Discovery Material designated as

"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed only

to:

        (i)    The Receiving Party's Outside Counsel;

        (ii)    Outside Counsel's paralegals and staff, and any copying or clerical

litigation support services or vendors and their employees working at the direction of such counsel,

paralegals, and staff;

        (iii)    Any outside expert or consultant retained by the Receiving Party to

assist in this action, provided that disclosure is only to the extent necessary to perform such work;

and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making against a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 13 below;

(iv) Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v) The Court, jury, and court personnel;

(vi) Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii) At a deposition or at trial, any person who falls within the scope of paragraph 12 below;

(viii) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix) Any other person with the prior written consent of the Producing Party.

**9. <u>DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"</u>**

(a) A Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)        Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to the provisions set forth in Paragraph 10 below, and may be disclosed, subject to Paragraph 10 below, solely to:

(i)        The Receiving Party's Outside Counsel;

(ii)        Outside Counsel's paralegals and staff, and any copying or clerical litigation support services or vendors and their employees working at the direction of such counsel, paralegals, and staff;

(iii)        Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party; (c) such expert or consultant is not involved in competitive decision-making against a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 13 below;

(iv)        Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)        The Court, jury, and court personnel;

(vi)        Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)        At a deposition or at trial, any person who falls within the scope of paragraph 12 below;

(viii)        Any mediator who is assigned to hear this matter, and his or her staff,

12

subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)    Any other person with the prior written consent of the Producing Party.

## 10.    DISCLOSURE AND REVIEW OF SOURCE CODE

(a)    Any and all such Source Code documents, regardless of form, shall be maintained in the sole custody and control of the Producing Party or outside counsel of record of the Producing Party in the United States ("Source Code Custodians") and at a designated office of the Producing Party or outside counsel for the Producing Party.

(b)    When a Party is making its Source Code available via inspection as specified in Paragraph (d) below, it shall be made available for inspection during normal business hours (9:00 a.m. to 6:00 p.m. local time, Monday—Friday, excluding holidays) on a mutually agreed date to the extent reasonably practicable.  However, upon notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access outside of normal business hours.

(c)    A list of persons who intend to inspect the Source Code will be provided to the Producing Party at least two (2) business days in advance of any scheduled inspection.  The parties shall meet and confer before any such inspection about the number and identity of people attending.

(d)    The Source Code shall be produced in electronically-searchable or executable form and in a manner in accordance with how the Source Code is stored in the ordinary course of business, including in text searchable form where possible and retaining file and folder structures.  All Source Code produced shall be made available on a single, stand-alone computer that is password protected, is not connected to any internal or external computer or computer

network, and has no Internet connection. The Party providing the inspection shall provide the Source Code in a format to permit the Receiving Party's counsel and experts to reasonably view, search, and analyze the Source Code. At a minimum, the Receiving Party is permitted to access such utilities that will provide the ability to (a) view, search and line-number any source file, (b) search for a given pattern of text through a number of files, and (c) compare two files and display their similarities and differences. The Parties agree to cooperate in good faith to allow or permit the Receiving Party to use programs to analyze and inspect the Source Code. If requested by the Receiving Party, the Producing Party shall install specific tools reasonably necessary to review the source code on the stand-alone computer including, but not limited to: Understand, PowerGrep, Beyond Compare, Adobe Reader, Microsoft Office Viewer(s), Notepad++, and Cygwin (full install including at least grep, diff, find, xargs, a2ps, ps2pdf, gs). The Receiving Party may request other similar software analysis tools reasonably appropriate to the type of Source Code. If the Producing Party does not possess an appropriate license to any such software tools, the Receiving Party may provide the Producing Party with an appropriate license or licensed copy of such software tool, and the Producing Party shall install such software tools on the stand-alone computer. To the extent such tools record local working files or other records reflecting the work performed by the Receiving Party, such files and records shall not be reviewed, altered, or deleted by the Producing Party. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, uploading, sending, transferring or other transmission of the source code. Visual monitoring by the Producing Party, however, shall not entail review of any work product generated by the Receiving Party, e.g., monitoring the screen of the stand-alone computer, monitoring any surface reflecting notes or work product of Receiving Party, or monitoring the key strokes of the receiving party.

(e)     Source Code may not be printed or copied without agreement of the producing Party or further order of the court.  At the request of the Requesting Party, the Party providing the inspection shall provide the requesting Party paper copies of limited portions of the Source Code identified by the requesting Party that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.  The Requesting Party shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (d) above.  Requests for paper copies shall be limited to 600 aggregate pages of source code per source code version.  This is a presumptive limit and, as such, requests for additional paper copies or pages will not be unreasonably denied.  The Party providing the inspection will provide such paper copies in paper form to the requesting Party within ten (10) business days of the reviewing Party's request, unless otherwise agreed. The Party providing the inspection shall mark such copies clearly and prominently as "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" and affix individual production numbers.  The Producing Party may challenge the amount of Source Code requested in hard copy provided however that the Producing Party shall not unreasonably challenge a request seeking less than the presumptive 600 page per version limit.  Failing agreement between the parties, the Plaintiff may bring a motion to the Court for a ruling that it is entitled to a hard copy of the Source Code for purposes pursuant to this paragraph.

(f)     The Party providing the inspection shall provide a manifest of the contents of the stand-alone computer.  This manifest, which will be supplied in both printed and electronic form, will list the name, location, and MD5 checksum of every source and executable file on the stand-alone computer.

(g)     If the Court determines that the issue of missing files needs to be addressed, the Party providing the inspection will include on the stand-alone computer the build scripts,

compilers, assemblers, and other utilities necessary to rebuild the application from Source Code, along with instructions for their use.

(h)     Paper copies of Source Code must be kept under lock and key or otherwise secured at the offices of outside counsel of record, or at the office of an outside expert cleared under the terms of this Stipulated Protective Order.  Paper copies of Source Code may not be converted into electronic format (including for emailing) except as needed for filing or service of papers (including expert reports and discovery responses), motions, exhibits and pleadings, made under seal, or trial or hearing presentation.  Any deposition transcript may be electronically stored in outside counsel's deposition database.  Paper copies of Source Code may not themselves be copied, except to provide a copy to a person who has been cleared as an outside expert under the terms of this Stipulated Protective Order for the Receiving Party and except for use as exhibits for a deposition, expert report, motion, filing, hearing or trial.

(i)     The Reviewing Party may take written notes of portions of the Source Code and other such notes as may be reasonably necessary to facilitate inspection of the Source Code, except that the Reviewing Party shall not copy the Source Code into the notes.  Any such notes shall be treated the same way as Source Code and shall be labeled "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."  In addition, no recordable media or recordable devices, including without limitation laptops, tablets, cameras, sound recorders, cellular telephones, peripheral equipment, CDs, DVDs, or drives of any kind, shall be permitted in the Source Code review room where the stand-alone computer is made available for viewing.

(j)     The Receiving Party is prohibited from making copies of Source Code for use at a deposition or at a hearing without the Producing Party's prior written consent.  If the Receiving Party intends to use Source Code at a deposition or hearing, such party must provide the Producing Party with three (3) calendar days' advance notice of its intent to use such Source Code,

in which case the parties will work together to determine the necessary steps to take to make the Source Code available for use during the deposition or hearing.

**11. PROSECUTION BAR**

Absent written consent from the Producing Party, any individual who accesses Protected Material shall not be involved in the prosecution of patents or patent applications relating to the subject matter of this action or the subject matter of highly confidential technical information to be produced in this action, including without limitation the Patents-in-suit and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes drafting or amending patent claims in any context, including prosecution of original, reissue, continuation, or other related applications, reexamination or other such proceedings, *inter partes* review, post-grant review, covered business method review, opposition proceedings, and/or any other contested proceedings before the U.S. Patent and Trademark Office that concern issued patents. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* review, covered business method patent review, or post grant review), so long as the individual's involvement in such proceedings does not include drafting or amending patent claims or providing any input regarding drafting and amending claims. Nothing in this section shall prevent any person from sending non-confidential prior art, without additional input or consultation, to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in these provisions is intended to preclude counsel from participating in activities directly for the purpose of settling litigations. This Prosecution Bar shall begin when access to Protected Material is first received by the affected individual and shall end two (2) years after final termination of this action.

## 12.    LIMITATIONS ON THE USE OF PROTECTED MATERIAL

(a)    Protected Material shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation or any related proceedings before the USPTO, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.

(b)    Except as may be otherwise ordered by the Court, any person may be examined as a witness at deposition and trial and may testify concerning all Protected Material of which such person has prior knowledge as set forth below:

(i)    A present director, officer, and/or employee of a Producing Party may be examined at deposition and may testify concerning all Protected Material which has been produced by that party;

(ii)    A former director, officer, and/or employee of a Producing Party may be examined at deposition and may testify concerning all Protected Material of the Producing Party that appears on its face or is established from other documents or testimony to have been previously received from or communicated to that person and of which he or she has prior knowledge, including any Protected Material that refers to matters of which the witness has personal knowledge, has been produced by that Party, and pertains to the period or periods of his or her employment;

(iii)    Non-parties may be examined during deposition or testify concerning any Protected Material of a Producing Party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party.

(iv)    Any person other than the witness, his or her attorney(s), and any person qualified to receive Protected Material under this Order shall be excluded from the portion

of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.

(c)     If the Outside Counsel for a Defendant attending a deposition is not qualified under this Order to receive Protected Material, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of the Protected Material disclosed during the course of the examination.

(d)     If a witness under sections (ii) and (iii) above is represented by an attorney who is not qualified under this Order to receive Protected Material, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of the Protected Material disclosed during the course of the examination.  In the event that such attorney declines to sign such a Confidentiality Agreement, prior to the examination, the Parties, by their attorneys, shall jointly seek a Protective Order from the Court prohibiting such attorney from disclosing such Protected Material.

## 13.    <u>NOTICE OF DISCLOSURE</u>

(a)     Prior to disclosing any Protected Material to any person described in Paragraphs 7(b)(v), 8(b)(iii), or 9(b)(iii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:  (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past or current employment or consulting relationships for the past five (5) years; (iv) an up-to-date curriculum vitae of the Person; (v) a list of the cases in which the Person has testified at deposition or trial within the last four (4) years, and (vi) a list of all publications authored by the Person within the last ten (10) years.  The Party seeking to disclose Protected Material shall

provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person.

(b)     Within ten (10) business days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the ten (10) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period.  If the Producing Party objects to disclosure to the Person within such ten (10) day period, the Parties shall meet and confer via telephone or in person within five (5) business days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement To Be Bound By Stipulated Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 13 shall not preclude the non-objecting Party from later objecting to continued access by that Person for actual violations of this Protective Order.  If an objection is made, the Parties shall meet and confer via

telephone or in person within five (5) business days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within five (5) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

## 14. CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a) A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b) Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i) The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii) Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection

of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

### 15.    SUBPOENAS OR COURT ORDERS

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Material implicated by the subpoena.

### 16.    FILING PROTECTED MATERIAL

(a)    Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material. Any briefs, transcripts, exhibits, depositions, or documents which are filed with the Court which comprise, embody, summarize, discuss, or quote from Protected Material shall be sealed, unless the parties otherwise agree in writing or the Court otherwise orders. Where reasonably practicable, only the portions of documents consisting of such items or information shall be lodged under seal.

(b)     Filing or lodging Protected Material under seal shall be made in compliance with the local rules for the District of Delaware.

(c)     Nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

## 17.     INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return, sequester, or destruction of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a written request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall, within five (5) business days, immediately return, sequester, or destroy such Protected Material or Discovery Material and all copies, including those that have been shared with experts, consultants, and vendors, to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.  The Receiving Party may also retain one copy of the Protected Material for presentation to the Court under seal with any such motion to compel production.  Any motion to compel

production of the inadvertently produced Discovery Material shall be filed under seal and shall not assert as a ground for production the fact of the inadvertent or unintentional production. During the pendency of such motion, the Receiving Party shall make no other use or disclosure of the Protected Material contained therein. If the Receiving Party loses the challenge, it must destroy all remaining copies of the Protected Material.

(d)     This Protective Order constitutes an order entered pursuant to Rule 502(d) of the Federal Rules of Evidence. The production of any Discovery Material the Disclosing Party claims to be privileged or protected by the attorney-client privilege or work product protection will not constitute or be deemed a waiver or forfeiture, in this or any other action, of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Discovery Material and its subject matter.

## 18.     <u>INADVERTENT FAILURE TO DESIGNATE PROPERLY</u>

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) calendar days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) calendar days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives the Protected Material with the correct confidentiality designation, unless an objectively reasonable person would have realized that the

Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 18(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Protected Material produced without the designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" may be so designated subsequent to production when the Producing Party failed to make such designation at the time of production through inadvertence or error. If Discovery Material is designated subsequent to production, the Receiving Party promptly shall collect any copies that have been provided to individuals so that they can be re-labeled with the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" designation.

## 19.   **FINAL DISPOSITION**

(a)     Not later than sixty (60) calendar days after the final conclusion of this Action, each Party shall return all Discovery Material (except HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE materials) of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material at its own election. Within ten (10) business days after the final conclusion of this Action, all HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE materials produced by any party shall be either destroyed or returned to the Producing Party. For purposes of this Order, "final conclusion of this Action" occurs after an order, mandate, or dismissal finally terminating the above-captioned action(s) with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been destroyed or returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return or destroy any pleadings, correspondence, and consultant work product that contain Source Code.

## 20.     **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)     Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable, including information protected by Federal Rule of Civil Procedure 26.

(b)     Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of the above-captioned cases and Protective Order.

(c)     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in the above-captioned cases.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(d)     Discovery of materials provided to testifying experts shall be governed by the provisions of Federal Rule of Civil Procedure 26.

(e)     No conversations or e-mail communications between counsel and any testifying expert will be subject to discovery unless the conversations or e-mail communications are relied upon (or pertain to the same subject matter as other conversations or e-mail communications relied upon) by such experts in formulating opinions or asserting facts that are presented in reports or trial or deposition testimony in the above-captioned cases.

(f)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 20(a)–(e) shall be treated as attorney-work product for the purposes of this litigation and Order.

21.     **MISCELLANEOUS**

(a)     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     <u>Termination of Matter</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.

(c)     <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards

applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     Modification by Court.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the District of Delaware.

(g)     Privilege Logs.  No Party is required to identify on its respective privilege log any document or communication dated after the filing of the Complaint. The parties shall exchange their respective privilege logs at a time to be agreed upon by the parties following the production of documents, or as otherwise ordered by the Court.

(h)     Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Delaware, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Delaware, or the Court's own orders;

(i)     Until such time as this Protective Order has been entered by the Court, the parties agree that upon the execution by the Parties, the Protective Order will be treated as though it has been "So Ordered."  To the extent that the Parties disagree about one or more provisions of the Protective Order and request the Court to resolve any dispute regarding the disagreed-upon

provisions, then the Parties will treat the remaining provisions of the Protective Order as though they have been "So Ordered."

(j)     Attorneys and witnesses are prohibited from arguing or implying at trial that a witness for a Party should have or could have received or reviewed information protected by this Order if this Order prohibits that witness from receiving or reviewing such information.

## 22. **OTHER PROCEEDINGS**

By entering this order and limiting the disclosure of information in the above-captioned cases, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 13, 2019

**BAYARD, P.A.**

/s/ Stephen B. Brauerman
Stephen B. Brauerman (#4952)
600 N. King Street, Suite 400
P.O. Box 25130
Wilmington, Delaware 19801
(302) 655-5000

OF COUNSEL:

Peter F. Snell
Brad M. Scheller
Vincent M. Ferraro
Harold S. Laidlaw
**MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.**
Chrysler Center
666 Third Avenue
New York, NY 10017
(212) 935-3000
pfsnell@mintz.com
bmscheller@mintz.com
vmferraro@mintz.com
hslaidlaw@mintz.com

*Attorneys for Plaintiff*
*Wildcat Licensing WI, LLC*

**DLA PIPER LLP (US)**

/s/ Brian A. Biggs
Denise Kraft (# 2778)
Brian Biggs (# 5591)
Erin Larson (# 6616)
1201 N. Market Street, Suite 2100
Wilmington, Delaware 19801
(302) 468-5661

*Attorneys for Defendants*
*BMW Manufacturing Co., LLC and*
*BMW of North America, LLC and*

**BARNES & THORNBURG LLP**

/s/ Chad S.C. Stover
Chad S.C. Stover (# 4919)
1000 N. West Street, Suite 1500
Wilmington, Delaware 19801
(302) 300-3474
chad.stover@btlaw.com

*Attorneys for Defendants Faurecia USA*
*Holdings, Inc., Faurecia Interior Systems,*
*Inc., Faurecia Automotive Seating, LLC,*
*Faurecia Madison Automotive Seating, Inc.,*
*Faurecia Emissions Control Technologies,*
*USA, LLC, Faurecia Emissions Control*
*Systems NA, LLC and Faurecia Automotive*
*Holdings, Inc.*

**POTTER ANDERSON & CORROON LLP**

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant FCA US LLC*

**DUANE MORRIS LLP**

*/s/ Richard L. Renck*
Richard L. Renck (#6083)
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801
(302) 657-4900
rlrenck@duanemorris.com

*Attorneys for Defendant*
*Ford Motor Company*

**FISH & RICHARDSON P.C.**

*/s/ Nitika Gupta Fiorella*
Warren Keith Mabey, Jr. (#5775)
Nitika Gupta Fiorella (#5898)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
(302) 652-5070
mabey@fr.com
fiorella@fr.com

*Attorneys for Defendant*
*General Motors LLC*

**ASHBY & GEDDES**

*/s/ John G. Day*
John G. Day (#2403)
500 Delaware Ave., 8th Floor,
Wilmington, Delaware 19899
(302) 654-1888
jday@ashbygeddes.com

*Attorneys for Defendants*
*Jaguar Land Rover Limited and*
*Jaguar Land Rover North America, LLC*

**MORRIS JAMES LLP**

*/s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
500 Delaware Ave., Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Defendants*
*Lear Corporation and*
*Lear Automotive Manufacturing, LLC*

**RICHARDS, LAYTON & FINGER, P.A.**

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendants*
*Magna International Inc., Magna*
*International of America, Inc., Magna*
*Powertrain Inc., Magna Powertrain of*
*America, Inc., Magna Powertrain USA,*
*Inc., Magna Seating of America, Inc.,*
*Magna Exteriors of America, Inc.,*
*Magna Closures of America, Inc., and*
*Cosma International Inc.*

IT IS SO ORDERED this 23rd day of December, 2019.

_____
The Honorable Jennifer L. Hall
United States Magistrate Judge

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UCB, INC. and UCB BIOPHARMA SRL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-987 (CFC) |
| | ) | |
| ANNORA PHARMA PRIVATE LIMITED, | ) | |
| APOTEX INC., APOTEX CORP., | ) | |
| AUROBINDO PHARMA USA INC., | ) | |
| AUROBINDO PHARMA LTD., | ) | |
| LUPIN LTD., MICRO LABS LTD., | ) | |
| MICRO LABS USA, INC., | ) | |
| MSN PHARMACEUTICALS INC., | ) | |
| MSN LABORATORIES PRIVATE LTD. and | ) | |
| ZYDUS PHARMACEUTICALS (USA) INC., | ) | |
| | ) | |
| Defendants. | ) | |
| UCB, INC. and UCB BIOPHARMA SRL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1343 (CFC) |
| | ) | |
| SUNSHINE LAKE PHARMA CO., LTD., | ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiffs UCB, Inc. ("UCB") and UCB Biopharma SRL ("UCB Biopharma") (collectively, "Plaintiffs"), and Defendants Annora Pharma Private Ltd. ("Annora"), Apotex Inc. and Apotex Corp. (collectively, "Apotex"), Aurobindo Pharma USA Inc. and Aurobindo Pharma Ltd. (collectively, "Aurobindo"), Lupin Ltd. ("Lupin"), Micro Labs Ltd. and Micro Labs USA, Inc. (collectively, "Micro Labs"), MSN Pharmaceuticals Inc. and MSN Laboratories Private Ltd. (collectively, "MSN"), Sunshine Lake Pharma Co., Ltd. ("Sunshine Lake"), and Zydus Pharmaceuticals (USA) Inc. ("Zydus") (all collectively, "Defendants") (all collectively with

Plaintiffs, "the Parties"), hereby stipulate to the entry of the following protective order ("this Order") in the above-captioned action ("this Action").

## 1.     PURPOSES AND LIMITATIONS

The Parties expect disclosures and responses to discovery in this Action to involve the production of confidential information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this Action is warranted. Accordingly, the Parties hereby stipulate to, and request that the Court enter, this Order. The Parties acknowledge that this Order does not confer blanket protection on disclosures or responses to discovery and that the protection it affords from public disclosure and use for any purpose other than prosecuting and defending this Action extends only to information which is entitled to confidential treatment under applicable law.

## 2.     DEFINITIONS

The words used in this Order shall have their normally accepted meanings. The word "shall" is mandatory. The words "includes" and "including" are not limiting. The singular shall include the plural and vice versa. Additionally, the following capitalized terms shall have the listed definitions:

2.1     <u>CONFIDENTIAL Information</u>: non-public technical, operational, or commercial information, non-public personal information, or any other information for which a good faith claim of need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law, regardless of how the information is generated, stored, or maintained.

2.2     <u>Counsel</u>: Outside Counsel of Record and In-House Personnel, as well as their support staff.

      2.3    <u>Disclosure or Discovery Material</u>: information that is produced or generated in disclosures or responses to discovery in this Action, regardless of how it is generated, stored, or maintained.

      2.4    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by a Party or its Counsel to serve as an expert witness or consultant in this Action.

      2.5    <u>Final Disposition</u>: the later of (a) dismissal of all claims and defenses, with or without prejudice, and (b) entry of final judgment following the completion of all trials, appeals, remands, rehearings, or other reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

      2.6    <u>In-House Personnel</u>: a person who is an employee of a Party and has responsibility relating to the litigation of this Action, who can meet the obligations of sections 7.4 and 7.5;

      2.7    <u>Inspecting Party</u>: a Party to which original documents are made available for inspection before designation and production.

      2.8    <u>Non-Party</u>: a natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

      2.9    <u>Outside Counsel of Record</u>: an attorney who is not an employee of a Party, is retained to represent or advise a Party, and either has appeared in this Action on behalf of that Party or is employed by a law firm which has appeared on behalf of that Party.

      2.10    <u>Party</u>: a party to this Action.

      2.11    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12   <u>Professional Vendors</u>: persons or entities that provide litigation support services, such as photocopying, audio or visual recording, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, as well as their employees and subcontractors.

2.13   <u>Protected Material</u>: Disclosure or Discovery Material that is designated as CONFIDENTIAL.

2.14   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   SCOPE

The protections conferred by this Order cover Protected Material as well as any information copied or extracted from Protected Material; any copies, excerpts, summaries, or compilations of Protected Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover any information that is in the public domain at the time of production to a Receiving Party; information that becomes part of the public domain after its production to a Receiving Party as a result of publication not involving a violation of this Order; or information obtained by a Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

## 4.   DURATION

The confidentiality obligations imposed by this Order shall remain in effect until a Producing Party in writing agrees or a court order directs otherwise, including after the Final Disposition of this Action. Accordingly, the Court will retain jurisdiction to enforce the terms of this Order after the Final Disposition of this Action. The Parties agree not to challenge the enforceability of this Order on the grounds that it is not limited in duration.

## 5.    DESIGNATIONS

5.1    <u>Standard for Designations</u>: A Producing Party may designate Disclosure or Discovery Material as CONFIDENTIAL if the Producing Party in good faith believes that the Disclosure or Discovery Material contains CONFIDENTIAL Information.

5.2    <u>Exercise of Care in Designations</u>: A Producing Party that designates Disclosure or Discovery Material as CONFIDENTIAL shall take reasonable care to limit such designation to specific material which the Producing Party in good faith believes contains CONFIDENTIAL Information.

5.3    <u>Manner and Timing of Designations</u>: Disclosure or Discovery Material that is designated as CONFIDENTIAL shall be clearly so designated in conformity with this Order before the material is produced, except as otherwise stipulated or ordered.

5.4    <u>Disclosure or Discovery Material in Documentary Form</u>: To designate Disclosure or Discovery Material in documentary form as CONFIDENTIAL, the Producing Party shall affix the legend "CONFIDENTIAL" to each page, or in the case of native file production, to each file, which the Producing Party in good faith believes contains CONFIDENTIAL Information.

5.4.1    A Producing Party that makes original documents available for inspection need not designate them in conformity with this Order until after the Inspecting Party has indicated which documents it would like copied and produced. During the inspection, all of the documents made available for inspection shall be deemed to contain CONFIDENTIAL Information. After the Inspecting Party has identified the documents it would like copied and produced, the Producing Party shall designate the pages of the documents as CONFIDENTIAL in conformity with this Order.

5.4.2    Deposition testimony or testimony during other pretrial proceedings shall be deemed to contain CONFIDENTIAL Information for a period of twenty-one (21)

calendar days following receipt of a final transcript by Outside Counsel of Record. During the 21-day period, the Producing Party may designate pages of the transcript in conformity with this Order. Alternatively, if the Producing Party believes in good faith that a substantial portion of the overall testimony contains CONFIDENTIAL Information, the Producing Party may designate the entire transcript as CONFIDENTIAL. At the expiration of the 21-day period, only those pages of the transcript which have been designated as CONFIDENTIAL will qualify for protection under this Order. In addition, any rough transcript that is generated before receipt of a final transcript by Outside Counsel of Record shall be deemed to contain CONFIDENTIAL Information until the expiration of the 21-day period following such receipt, and at the expiration of the 21-day period, only those pages of the rough transcript which correspond to pages of the final transcript timely designated as CONFIDENTIAL will qualify for protection under this Order.

5.5     <u>Disclosure or Discovery Material in Any Other Form</u>: To designate Disclosure or Discovery Material in any other form as CONFIDENTIAL, the Producing Party shall affix the legend "CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the Disclosure or Discovery Material is stored. If only a portion or portions of the Disclosure or Discovery Material warrant designation as CONFIDENTIAL, the Producing Party shall, to the extent practicable, identify such portion or portions.

5.6     <u>Failure to Designate</u>: The inadvertent or mistaken production without designation of Disclosure or Discovery Material that the Producing Party in good faith believes contains CONFIDENTIAL Information shall not constitute a waiver of a claim of confidentiality. If such an inadvertent or mistaken production occurs, the Producing Party shall promptly provide both notice and properly designated Disclosure or Discovery Material to the Receiving Party. Upon

receipt, the Receiving Party shall promptly substitute the properly designated Disclosure or Discovery Material for the material previously received, return or destroy the material previously received, and treat the properly designated Disclosure or Discovery Material as Protected Material. The Receiving Party shall not be in violation of this Order for any use of the improperly designated Disclosure or Discovery Material made before receipt of notice of the improper designation from the Producing Party.

## 6. CHALLENGES TO DESIGNATIONS

6.1 <u>Standard for Challenges</u>: A Receiving Party may challenge Protected Material if the Receiving Party in good faith believes that the Protected Material should not be designated as CONFIDENTIAL.

6.2 <u>Manner and Timing of Challenges</u>: A Receiving Party that would like to challenge Protected Material shall do so within a reasonable period of time after such designation is made, taking into account all circumstances, including the timing, scope, and volume of production, and timing and expected use of the Protected Material during the litigation. To challenge Protected Material, the Receiving Party shall provide written notice to the Producing Party identifying each challenged designation and describing the basis for each challenge. The written notice shall recite that the challenge is being made in accordance with this specific paragraph of this Order. The Producing Party and the Receiving Party shall confer within seven (7) days of receipt of the written notice by the Producing Party and attempt in good faith to resolve the challenge. If no resolution is reached, the Receiving Party shall initiate motion practice or another appropriate dispute resolution mechanism with the Court within fourteen (14) days of receipt of the written notice by the Producing Party. Until the Court resolves the challenge, the CONFIDENTIAL designation shall remain in effect. The Producing Party shall have the burden of proving that the Protected Material is properly designated as CONFIDENTIAL under this Order.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     <u>Storage of Protected Material</u>: Protected Material shall be stored and maintained at a location and in a manner which ensures that access is limited to authorized persons.

7.2     <u>Access to Protected Material</u>: Access to Protected Material shall be limited to the following authorized persons unless otherwise ordered by the Court or permitted in writing by the Producing Party:

7.2.1   Outside Counsel of Record for the Receiving Party, as well as any support staff of Outside Counsel of Record for the Receiving Party to whom it is reasonably necessary to disclose the Protected Material for the purpose of this Action;

7.2.2   No more than- three (3) In-House Personnel for the Receiving Party, as well as any support staff of In-House Personnel for the Receiving Party to whom it is reasonably necessary to disclose the Protected Material for the purpose of this Action;

7.2.2.1 For UCB and UCB Biopharma:

- Stéphane Drouin
- Jürgen Hassa
- Frank Dressen

7.2.2.2 For Annora:

- John Thallemer

7.2.2.3 For Apotex:

- Peter Eustace
- Omar Jabri

7.2.2.4 For Aurobindo:

- Hunter Murdoch

7.2.2.5 For Lupin:

- Pavan Kumar Vitta

- Rama Rao Javvaji

7.2.2.6 For Micro Labs:

- Dr. Geetesh Kaushik
- Ramchandra Gadegone
- Dr. Lukesh Bajaj

7.2.2.7 For MSN:

- Kondal Reddy Bairy

7.2.2.8 For Sunshine Lake:

- Jiaping Wen
- Guoying Tan
- Taoxi Lin

7.2.2.9 For Zydus:

- Brij Khera

7.2.3    Contract attorneys retained by Counsel for the Receiving Party for the sole purpose of assisting with document review in this Action;

7.2.4    Experts of the Receiving Party, as well as any support staff working under the supervision of Experts of the Receiving Party to whom it is reasonably necessary to disclose the Protected Material for the purpose of this Action provided the expert has complied with the notice provision provided by section 7.3;

7.2.5    Professional Vendors and their staff to whom it is reasonably necessary to disclose the Protected Material for the purpose of this Action;

7.2.6    Witnesses testifying in a deposition or other pretrial proceeding, provided that the witness is (a) a current employee, attorney, director, officer, consultant, or agent of the Producing Party; (b) a former employee, attorney, director, officer, consultant, or agent of the Producing Party who appears from the face of the Protected Material to have

drafted, prepared, contributed to, executed, had knowledge of, had access to, or received the Protected Material or testifies thereto; or (c) a Rule 30(b)(6) designee of the Producing Party, as long as the Protected Material is within the scope of the designated deposition topics.

       7.2.7   The Court and its personnel.

    7.3   <u>Written Notice</u>: The Receiving Party shall notify the Producing Party at least seven (7) calendar days prior to disclosing Protected Material to any In-House Personnel of the Receiving Party or Expert of the Receiving Party. The notice shall include the name, title, employer, and business address of the In-House Personnel or Expert to whom the Protected Material will be disclosed, as well as an executed Acknowledgement and Agreement To Be Bound, which is attached to this Order as Exhibit A. In addition, if Protected Material is being disclosed to an Expert of the Receiving Party, the notice shall also include all information required under Federal Rule of Civil Procedure 26(a)(2)(B)(iv) and (v), as well as the person's *curriculum vitae*. The Receiving Party may disclose the Protected Material seven (7) calendar days after delivery of the notice to the Producing Party, provided that the Producing Party does not timely object in writing to such disclosure. Any objection by the Producing Party shall be delivered to the Receiving Party within seven (7) calendar days after delivery of the notice to the Producing Party and shall set forth with particularity the grounds on which the objection is based. The Producing Party and the Receiving Party shall confer within seven (7) calendar days of receipt of the objection by the Receiving Party and attempt in good faith to resolve the objection. If no resolution is reached, the Receiving Party shall initiate motion practice or another appropriate dispute resolution mechanism with the Court within fourteen (14) calendar days of receipt of the objection by the Receiving Party. Until the Court resolves the objection, the Protected Material shall not be disclosed to the

In-House Personnel or Expert. The Producing Party shall have the burden of proving that the In-House Personnel or Expert may not receive Protected Material.

7.4     <u>Use of Protected Material</u>: Protected Material may only be used by the Receiving Party for the purpose of prosecuting and defending this Action and any appeal thereafter. Protected Material shall not be used by the Receiving Party for any other purpose, such as commercial, personal, and regulatory purposes, or in any other proceeding, such as a Citizens' Petition, *inter partes* review, and other lawsuits. Nothing in this Order precludes the Producing Party from using its own Protected Material for other purposes or in other proceedings.  Counsel who access information or item(s) designated as "CONFIDENTIAL" may not engage, formally or informally, or have any direct or indirect involvement or responsibility, in any capacity, in (i) decision making regarding pricing and product design with respect to any brivaracetam product, or (ii) the preparation or submission of regulatory documents to the FDA (or any equivalent foreign regulatory body) or for communications with FDA (or any equivalent foreign regulatory body) related to standards for approval for generic versions of Briviact® or Defendants' proposed brivaracetam ANDA products.  For clarity, this prohibition does not extend to any work associated with responding to communications from the FDA regarding the Receiving Party's own NDAs and ANDAs that is directed toward obtaining or maintaining approval of such NDAs or ANDAs. This bar, which supersedes any other similar bars the Parties agreed to in connection with negotiating access to the Defendants' ANDAs, shall expire one year from the Final Disposition of the Actions.

7.5     <u>Patent Prosecution Bar</u>: Counsel and Experts who access CONFIDENTIAL Information may not engage, formally or informally, in the drafting, amending, or otherwise modifying of patent claims relating to products which contain brivaracetam in any U.S. or foreign

patent prosecution. This bar does not preclude Counsel or Experts who access CONFIDENTIAL Information from engaging in *inter partes* review or similar post-grant review proceedings before the U.S. Patent and Trademark Office as long as such persons are not involved, directly or indirectly, in drafting, amending, or otherwise modifying patent claims. This bar shall begin when the access to CONFIDENTIAL Information is received and shall expire one year after the Final Disposition of this Action. If the need arises, the parties agree to meet and confer to discuss whether CONFIDENTIAL Information may be used in any post-grant proceedings before the USPTO, such as in an *inter partes* review proceeding, involving one or more Patents-in-Suit.

7.6 <u>Disclosure on Consent or Court Order</u>: Nothing in this Order shall prevent disclosure of CONFIDENTIAL Information if the Producing Party consents to such disclosure or if the Court, after notice to the Producing Party, orders such disclosure.

7.7 <u>Other Defendants</u>: When the Producing Party is a Defendant, the Receiving Party shall include UCB only, and UCB may not produce one Defendant's CONFIDENTIAL Information to another Defendant absent consent under Section 7.6, and UCB shall not offer, submit, or otherwise introduce to the Court as evidence CONFIDENTIAL Information produced by one Defendant to support UCB's claims or defenses against any other Defendant. Subject to Section 10, UCB may cite, reference, or otherwise discuss another Defendant's CONFIDENTIAL Information in written submissions to the Court and common discovery responses which are also served on Outside Counsel of Record for any other Defendant without the need to redact such information in service copies to Outside Counsel of Record provided that In-House Personnel and any third parties who do not have permission to access such CONFIDENTIAL information do not receive access to such CONFIDENTIAL information, including, e.g., UCB's responses to Defendants' consolidated invalidity contentions, and expert

reports concerning validity. Subject to Section 10, UCB may cite, reference, or otherwise discuss a Defendant's CONFIDENTIAL Information without the need to shield such information in proceedings before the Court where the Defendant's Outside Counsel of Record is present, including teleconferences, hearings, and trial provided that In-House Personnel and any third parties who do not have permission to access such CONFIDENTIAL information do not receive access to such CONFIDENTIAL information. UCB may also cite, reference, or otherwise discuss a Defendant's CONFIDENTIAL Information in expert depositions concerning validity where that Defendant's Outside Counsel of Record is also present provided that In-House Personnel and any third parties who do not have permission to access such CONFIDENTIAL information do not receive access to such CONFIDENTIAL information. Notwithstanding the above provisions in this paragraph 7.7, UCB may not disclose a Defendant's CONFIDENTIAL Information regarding the identity and amount of excipients in the Defendant's ANDA product; the pricing, cost of goods and identity of supplier/DMF holder for the Defendant's ANDA product; the status and timing of the FDA review and/or approval of the Defendant's ANDA; and the Defendant's anticipated launch date to any other Defendant, and such information shall be redacted if a document containing the information is submitted to the Court or made available to Outside Counsel of Record of any other Defendant, except where the Defendants are represented by a single Outside Counsel of Record.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or court order issued in other litigation that compels the disclosure of Protected Material, the Party shall (a) promptly notify the Producing Party that the subpoena or court order has been received, enclosing a copy of the subpoena or court order; (b) promptly notify the party that caused the subpoena or court order to be issued in the other

litigation that some or all of the material sought is subject to this Order, enclosing a copy of this Order; and (c) cooperate with respect to all reasonable protective procedures pursued by the Producing Party. In addition, if a Party becomes subject to a motion to disclose Protected Material in other litigation, the Party shall promptly so notify the Producing Party so that it may have an opportunity to appear and be heard on whether the Protected Material should be disclosed. If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order or subject to the motion shall not disclose the Protected Material until there has been a determination by an appropriate court or the Producing Party permits disclosure. The Producing Party shall bear the costs of seeking protection of its Protected Material in an appropriate court. Nothing in this Order should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

**9.      APPLICATION OF THIS ORDER TO NON-PARTIES**

Non-Parties shall have the same rights and obligations under this Order as Parties and may move the Court to enforce the terms of this Order.

**10.     FILING OF PROTECTED MATERIAL**

Any court filing that contains, describes, discusses, references, or attaches Protected Material shall be filed under seal pursuant to the Local Rules of Civil Procedure for the District of Delaware. The Parties agree to work cooperatively to file redacted versions of material filed under seal.

**11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, Protected Material has been disclosed to any person or in any circumstance not authorized under this Order, the Receiving Party shall promptly notify the Producing Party of the unauthorized disclosure, notify the person or persons to whom the unauthorized disclosure was made of the terms of this Order, and take all

reasonable measures to ensure that no further or greater unauthorized disclosure is made, including retrieving all unauthorized copies of the Protected Material.

## 12.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

12.1    Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5), the inadvertent or mistaken production of Disclosure or Discovery Material subject to the attorney-client privilege, the work-product immunity, or any other privilege or immunity, shall not constitute a waiver of that privilege or immunity in this Action or in any other federal or state proceeding. For example, the mere production of privileged information as part of a production in this Action is not itself a waiver of that privilege in this Action or in any other federal or state proceeding. Further, neither the fact that the information was produced nor the content of the information shall be used in any manner as evidence in support of any alleged waiver of the privilege.

12.2    If such an inadvertent or mistaken production occurs, the Producing Party shall promptly so notify the Receiving Party, identifying all of the Disclosure or Discovery Material that it would like to recall and enclosing a privilege log that contains entries for each inadvertently produced document specifying, at a minimum, (a) its form (e.g., letter, memorandum, chart, etc.); (b) its general subject matter; (c) its production number  range(s) (e.g., "Bates" number(s)); (d) its date; (e) the full names and titles of the author(s) or creator(s), the addressee(s), and the recipient(s), including the person(s) copied; and (f) the basis of the privilege or immunity being asserted (e.g., the attorney-client privilege or the work-product immunity). Any request for the return or destruction of the inadvertently produced Disclosure or Discovery Material must be made within twenty (20) days after such material is used in connection with a deposition attended by the Producing Party, cited in or attached to a court filing, discovery response, or written

correspondence received or sent by the Producing Party, or the Producing Party otherwise discovers that the privileged information has been produced or disclosed. After receiving a request for the return or destruction of the inadvertently produced Disclosure or Discovery Material, any Receiving Party must not use or disclose the inadvertently produced Disclosure or Discovery Material in any way until the claim is resolved and must take reasonable steps to retrieve the material if the Receiving Party disclosed it before being notified of the inadvertent production. Upon receipt of the request, the Receiving Party shall within seven (7) days return to the Producing Party or confirm in writing the destruction of the recalled material as well as any copies, summaries, and notes thereof.

      12.2.1  If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege, work-product immunity, or other privilege or immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party or the Receiving Party provides notification that the document or thing has been destroyed. Should the Receiving Party elect to bring such a challenge, Outside Counsel of Record for the Receiving Party may retain copies of the inadvertently produced document for the exclusive purpose of challenging the claim of privilege over the document and shall not permit In-House Personnel to view the same until resolution of such challenge. Upon resolution of the challenge, the documents subject to the challenge shall be treated in accordance with any confidentiality designation made at the time of their production. Outside Counsel of Record for the Receiving Party challenging the claim of privilege shall retain only as many copies of the document as are necessary to bring such a challenge or seek relief from the court pursuant to Section 12.2.2 below.

16

12.2.2  If, within ten (10) days after the Receiving Party notifies the Producing of its intent to contest that the recalled material is protected by the asserted privilege or immunity, the Parties are in good faith unable to resolve the dispute(s), the Receiving Party may file a motion to compel or otherwise seek relief from the Court. Until the Court resolves the motion, the recalled information shall be treated as privileged or immune from disclosure. The Producing Party shall have the burden of proving that the recalled information is protected by the asserted privilege or immunity.

12.3     Disclosure or Discovery Material that contains information which is protected by privilege or immunity, not relevant to any Party's claim or defense (e.g., information regarding other drug products developed or in development by a Party that are not the subject of this litigation), or protected data, including individually identifiable health information, may in good be faith be redacted by the Producing Party. Each redaction, regardless of size, shall be clearly labeled and differentiated from material redacted for privilege. This paragraph shall not constitute a waiver of the Receiving Party's right to seek disclosure of the redacted information.  Privileged communications and attorney work product regarding this Action that are dated on or after May 16, 2020, need not be identified on any privilege log.

## 13.    MISCELLANEOUS

13.1     <u>Right to Seek Modification</u>: Nothing in this Order shall be deemed to preclude a Party from seeking modification of this Order by the Court in the future.

13.2     <u>Right to Seek Additional Protection</u>: Nothing in this Order shall be deemed to preclude a Producing Party from seeking additional protection of Protected Material, including an order that certain Protected Material may not be discovered.

13.3 <u>Right to Assert Other Objections</u>: Nothing in this Other shall be deemed to preclude a Producing Party from objecting to the disclosure of Protected Material on a ground not addressed in this Order.

13.4 <u>Right to Counsel Client</u>: Nothing in this Order shall be deemed to preclude Counsel from rendering advice to his or her client with respect to this Action, including, in the course thereof, relying in a general way upon his or her examination of Protected Material, provided that he or she does not disclose the contents of the Protected Material.

13.5 <u>Right to Assert Privileges</u>: Nothing in this Order shall be deemed to waive the right of a Party to assert that Protected Material is privileged and therefore may not be discovered.

13.6 <u>Date of Receipt</u>: Whenever a time period prescribed in this Order runs from a date of receipt, the date of receipt shall be the date of first receipt via either U.S. mail or electronic mail.

13.7 <u>Use at Depositions</u>: The use of Protected Material at a deposition shall not affect its designation as CONFIDENTIAL.

## 14.   FINAL DISPOSITION

No later than sixty (60) days after the Final Disposition of this Action, any Receiving Party that received Protected Material shall either return to the Producing Party or destroy all such material. However, Counsel are entitled to retain archival copies of any pleading, motion paper, transcript, memorandum, correspondence, exhibit, expert report, discovery response, attorney work product, and similar document even if such copies contain Protected Material.

## 15.   OTHER PROCEEDINGS

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order

shall promptly notify that party of the motion so that the party may have an opportunity to object, appear and be heard on whether that information should be disclosed.

### IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs UCB, Inc. and
UCB Biopharma SRL*

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (#3726)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Defendant Annora Pharma
Private Limited*

HEYMAN ENERIO GATTUSO & HIRZEL LLP

*/s/ Dominick T. Gattuso*

Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

*Attorneys for Defendants Apotex Inc. and
Apotex Corp.*

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (#3726)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Defendants Aurobindo Pharma
USA Inc. and Aurobindo Pharma Ltd.*

PHILLIPS, MCLAUGHLIN, & HALL, P.A.

*/s/ John C. Phillips, Jr.*

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Defendants Lupin Ltd.*

HEYMAN ENERIO GATTUSO & HIRZEL LLP

*/s/ Dominick T. Gattuso*

Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

*Attorneys for Defendants MSN
Pharmaceuticals Inc. and MSN
Laboratories Private Ltd.*

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Eve H. Ormerod*

Neal C. Belgam (#2721)
Eve H. Ormerod (#5369)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com

*Attorneys for Defendant Sunshine Lake
Pharma Co., Ltd.*

March 29, 2021

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (#3726)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Defendants Micro Labs Ltd. and
Micro Labs USA, Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Pilar G. Kraman*

Pilar G. Kraman (#5199)
Beth A. Swadley (#6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
bswadley@ycst.com

*Attorneys for Defendant Zydus
Pharmaceuticals (USA) Inc.*

SO ORDERED on this _____ day, March 2021.


_____

United States District Judge

## EXHIBIT A
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, employed by _____,

declare under penalty of perjury that I have read and understand the Stipulated Protective Order

that was issued by the United States District Court for the District of Delaware in C.A. Nos. 1:20-

987-CFC and 1:20-1343

I agree to comply with and be bound by all the terms of this Stipulated Protective Order,

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after the termination of this Action.


Date: _____

Printed Name: _____

Signature: _____

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROUTE GUIDANCE SYSTEMS LLC, | |
| Plaintiff, | |
| v. | **Civil Action No. 1:22-cv-00177-MN** |
| WAITR INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |
| ROUTE GUIDANCE SYSTEMS LLC, | |
| Plaintiff, | |
| v. | **Civil Action No. 1:22-cv-00178-MN** |
| MAPLEBEAR INC. D/B/A INSTACART, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## <u>STIPULATED PROTECTIVE ORDER</u>

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal

Rules of Civil Procedure and subject to the approval of the Court, by and between the parties and

by their respective undersigned counsel, that this Stipulation and Order shall govern the handling

of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any

other information produced, given, or exchanged by and among the parties and any non-parties

to each of the respective above-captioned actions.  Although submitted jointly in connection with

each of the above-captioned actions, each such action shall be treated as separate and

independent in terms of the protection of a party's confidential information, and, unless

specifically provided for in this Stipulation and Order, nothing in this Stipulation and Order shall

be construed to permit access by a party in one of the above-captioned actions to the confidential

information produced by a party in another of the actions absent agreement of the producing party and/or separate order of the Court.

Accordingly, based upon the agreement of the parties, IT IS HEREBY ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Procedures shall be adopted for the protection of confidential and proprietary information:

## PROCEDURES FOR PROTECTION OF CONFIDENTIAL
## AND PROPRIETARY INFORMATION

1. <u>**DEFINITIONS**</u>

    1.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    1.2   <u>"CONFIDENTIAL" Information or Items</u>: information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    1.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their support staff).

    1.4   <u>Designated In-House Counsel</u>: In-House Counsel who have access to "CONFIDENTIAL" information in this matter.

    1.5   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

    1.6   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery requests in the above-captioned actions.

1.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the respective litigations who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in one or more of the above-captioned actions, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

1.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

1.9 <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "CONFIDENTIAL Information or Items" representing computer code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler or other translator) and associated comments and revision histories, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

1.10 <u>In-House Counsel</u>: attorneys who are employees of a Party to one of the above-captioned actions. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.11 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to an above-captioned action in question.  A defendant in one of the

above-captioned actions shall be deemed a Party to that action but a Non-Party to the other actions.

1.12    Outside Counsel of Record: attorneys who are not employees of a Party to an above-captioned action but are retained to represent or advise a Party to that action and have appeared in the action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

1.13    Party: a party to an above-captioned action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in an above-captioned action.

1.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

1.18    Relevant Technology:  products, devices, and services that can be used to provide route guidance to a vehicle.

## 2.   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that the Receiving Party can show is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information that the Receiving Party can clearly show was known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Before the Receiving Party discloses any Protected Material that falls under (a) or (b) to any Non-Party, the Receiving Party shall follow the procedures in Section 5, *infra*.

For clarity, nothing herein shall affect the right of the Designating Party to disclose to its officers, directors, employees, attorneys, consultants or Experts, or to any other person, its own information.  Such disclosure shall not waive the protections of this Protective Order and shall not entitle other Parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the Designating Party the information becomes public knowledge.  Similarly, the Protective Order shall not preclude a Party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by another Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

**3.     DURATION**

Even after final disposition of each of the above-captioned actions, the confidentiality

obligations imposed by this Order shall remain in effect until a Designating Party agrees

otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be

the later of (1) dismissal of all claims and defenses in an action, with or without prejudice; and

(2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands,

trials, or reviews of that action, including the time limits for filing any motions or applications

for extension of time pursuant to applicable law.

**4.     DESIGNATING PROTECTED MATERIAL**

4.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party

or Non-Party that designates information or items for protection under this Order must take care

to limit any such designation to material that qualifies under the appropriate standards.  To the

extent it is practical to do so, the Designating Party must designate for protection only those parts

of material, documents, items, or oral or written communications that qualify—so that other

portions of the material, documents, items, or communications for which protection is not

warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated

for protection do not qualify for protection at all or do not qualify for the level of protection

initially asserted, that Designating Party must promptly notify all other Parties in its respective

action that it is withdrawing the mistaken designation.

4.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

(see, e.g., second paragraph of section 4.2(a) below), or as otherwise stipulated or ordered,

Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  The procedures in this paragraph do not govern the inspection of source code, which is separately addressed in Section 8 of this Protective Order.

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party may identify on the record, before the close of the deposition, hearing, or other proceeding, that the testimony is protected and specify the level of protection being asserted.  Parties may, at the deposition or hearing or within thirty (30) days after receipt of a

deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" pursuant to this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED - ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

4.3     <u>Inadvertent Failures to Designate</u>. If timely corrected after recognition by a Producing Party of an inadvertent failure to designate, an inadvertent failure to designate

qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Upon timely correction of a designation after recognition by a Producing Party, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

4.4 <u>Right to Seek Additional Protections.</u> This Order is entered without prejudice to the right of any Party to seek additional protections from the Court as may be necessary under particular circumstances.

## 5. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

5.1 <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2 <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the

designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

5.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall contact the Court pursuant to Section 4(f) of the Scheduling Order within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each motion filed pursuant to this paragraph must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

## 6.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1    Basic Principles. Absent further Order from the Court, the Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with an above-captioned action only for prosecuting, defending, or attempting to settle that particular action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized to access Protected Material under this Order.

6.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for that particular litigation;

(b)     current officers, directors, or employees (including Designated In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the litigation in which said information is produced, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which said information is produced (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.5(a), below, have been followed;

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise specified by the Designating Party or ordered by the

court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

6.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information in that particular litigation;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which such information is produced, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.5(a), below, have been followed;

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced; and

(e)　　　the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

6.4　　Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.　Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to the following persons:

(a)　　　the Receiving Party's Outside Counsel of Record in the above-captioned action in which it is produced as well as employees of such Outside Counsel of Record to whom it is reasonably necessary to disclose the information for that particular litigation;

(b)　　　Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which it is produced, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.5(a), below, have been followed; and

(c)　　　the court and its personnel;

(d)　　　court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced; and

(e)　　　the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

6.5     Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 6.2(c), 6.3(b) and 6.4(b) first must make a written request via e-mail to the Designating Party's Outside Counsel of Record that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, including a list of publications from the past five years, and (3) identifies (by name and number of the case and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years. The Designating Party shall have seven (7) business days after such notice is given to object in writing via e-mail to the Receiving Party's Outside Counsel of Record that made the written e-mail request disclosing the Expert.

(b)     A Receiving Party that makes a request and provides the information specified in the preceding respective paragraphs shall not disclose the subject Protected Material to the identified Expert until expiration of the 7 day notice period.  Any such objection must set forth in detail the grounds on which it is based.  If during the notice period the Designating Party serves an objection upon the Receiving Party desiring to disclose Protected Material to the

Expert, there shall be no disclosure of Protected Material to such individual pending resolution of the objection.

        (c)    A Receiving Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) business days after the written objection is served. The Designating Party shall then have fourteen (14) business days after such objection is served to, if no agreement is reached, contact the Court pursuant to Section 4(f) of the Scheduling Order. Any motion filed pursuant to this paragraph must describe the circumstances with specificity, and set forth in detail the reasons why the disclosure to the Expert should not be made.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

        No document designated by a Designating Party as Protected Material shall be disclosed by a Receiving Party to an Expert until after the individual has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Such written agreement shall be retained by the Outside Counsel of Record for the party that has retained the Expert, but need not be disclosed to any other Party.

        In any such proceeding, the Designating Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

6.6    It is understood that Outside Counsel of Record for a Party may give advice and opinions to his or her client based on his or her evaluation of information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" which is provided from the opposing Party to such Outside Counsel of Record in his or her respective action, provided that such rendering of advice and opinions shall not reveal the content or substance of such information, except by prior written agreement with counsel for the Producing Party.  For the avoidance of doubt, nothing in this provision permits the use or disclosure by a party in one of the above-captioned actions of Protected Material originally produced by a Defendant in another of the above-captioned actions absent agreement of the producing Defendant and/or separate order of the Court.

6.7    Nothing in this Stipulation and Order shall be construed as preventing Outside Counsel for defendants in any of the above-captioned actions from discussing amongst themselves any of plaintiff's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to which each such Outside Counsel individually has lawful access through plaintiff's productions and/or disclosures in the respective actions.

## 7.    PROSECUTION BAR

7.1    Prosecution Bar.  Individuals associated with Plaintiff who personally review any technical HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Material are prohibited from participating in an administrative proceeding for the examination and reexamination of a patent or patent application insofar as the participation involves input into the drafting, revising or amending of a patent claim related to the Relevant Technology, if such administrative proceeding (e.g., patent

application filing) was commenced less than two years following the final termination of this action (including any appeals). This prosecution bar does not prevent an individual from participating in a reexamination, *inter partes* review, or other post-grant review proceedings involving the patents-at-issue or patents related thereto, except that the individual is prohibited from participating in, or otherwise providing input into, the drafting of any claim or amendment to any claim.

## 8. <u>SOURCE CODE</u>

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code. Source code includes, but is not limited to, files in programming languages such as C++, Java, and Flash. For the avoidance of doubt, the Producing Party may designate as source code make files, link files, algorithms, pseudocode, comments, revision histories, and other human-readable files used in the generation, building or compiling of software or firmware. Production or designation of Confidential Source Code shall not be construed as a representation or admission by a party that Confidential Source Code is properly discoverable in this action, nor does the inclusion of Confidential Source Code as part of this agreement obligate any party to produce Confidential Source Code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed only to the individuals as set forth in Paragraph 6.4. The following additional restrictions shall apply to the inspection and production of HIGHLY CONFIDENTIAL - SOURCE CODE, unless otherwise advised by the Producing Party or otherwise Ordered by the Court:

(c)     Any source code produced in discovery shall be made available for inspection, in electronic (e.g., native) format.  The Producing Party shall produce source code for inspection in electronic (e.g., native) format at the office of its counsel, or at another location agreed on by the parties.  Any single reviewing session (conducted during one business day or during consecutive business days of review) shall be conducted during regular business hours (9:00 A.M. to 6:00 P.M. local time) on seven (7) calendar days' written (including email) notice, or during such other hours as may be mutually and reasonably agreed upon on reasonable notice.

(d)     Source code that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers (the "Source Code Computer"), and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device absent prior agreement of the Producing Party.

(ii)     The Receiving Party's outside counsel and/or Experts shall be entitled to take handwritten notes relating to the source code.  Such notes shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE".  Such notes may include excerpts of the source code when reasonably necessary to guide the note taker's use of later-requested paper copies of the source code.  Otherwise, no copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided in this Protective Order.  Further, no other written or electronic record of the source code is permitted except as otherwise provided in this Protective Order.

18

(iii)      The source code provider shall provide a manifest of the contents of the computer to include a list of source code files available for review to the extent practicable.

(iv)      In order to verify that its source code has not later been altered, the Producing Party may benchmark the materials before they are provided, but shall not install any keystroke or other monitoring software on the Source Code Computer.

(v)      Proper identification of all authorized persons shall be provided prior to any access to the secure facility or the Source Code Computer . Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state, by the United States federal government, or by the nation state of the authorized person's current citizenship. Access to the secure facility or the Source Code Computer may be denied, at the discretion of Producing Party, to any individual who fails to provide proper identification.

(vi)      The Producing Party will provide on the Source Code Computer freely available software tools for purposes of the review (including but not limited to software to perform searches of the Source Code Material), upon request by the Receiving Party. The Receiving Party may, at its own expense, request that the Producing Party install software on Source Code Computer to perform searches of the source code, provided that such other software is necessary for the Receiving Party to perform its review of the source code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with appropriate access to such software tools(s) at least five (5) days in advance of the date upon which the Receiving Party wishes to have the additional software available for use on the Source Code Computer. Timely requests for the installation of such search software will not be unreasonably denied so long as the requested search software is compatible with the operating system, and other

19

software necessary to make the source code available for inspection, installed on a Source Code Computer, does not prevent or impede the Receiving Party's access to the source code produced for inspection on the Source Code Computer and does not side-step any of the security features enabled on a Source Code Computer (e.g., enable connection and use of USB thumb drives). The Receiving Party shall not at any time use any compilers, interpreters or simulators in connection with the Producing Party's source code. In no event shall tools be installed on the Source Code Computer that have the effect of altering, modifying, deleting, copying, or otherwise permitting the reproduction or removal of any source code. The Receiving Party shall not erase, load, install, compile, or otherwise modify any program (or request that any other program be erased, loaded, installed, or otherwise modified by the producing Party) on the Source Code Computer without first submitting a written request and obtaining the producing Party's agreement to the request;

(vii)     The Receiving Party may request copies of reasonable portions of the source code identified in a reasonable manner.  In the event that the Receiving Party requests more than 15 consecutive pages, or an aggregate of more than 150 pages, of print outs of source code, the parties shall have a meet and confer in good faith.  A text editor will be provided on the source code computer so that the list of files to be printed may be saved directly to the source code computer.  If the Producing Party objects that identified files are not reasonably necessary, the Producing Party shall make such objection known to the Receiving Party within five (5) business days of the identification of any files by the Receiving party.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a judicial resolution of whether or not the identified source code in question is reasonably necessary to any case preparation activity.  At the request of the Receiving Party, in the absence of any objection the Producing Party shall provide within

20

seven (7) business days of such request, paper copies of the source code identified at the time of inspection by the Receiving Party. The Producing Party shall print, label such files with the file's complete path name, and append production numbers and the designation "HIGHLY CONFIDENTIAL – SOURCE CODE". The paper copies must be kept in a secured location at the offices of the Receiving Party's Outside Counsel at all times. The Receiving Party may make no more than five additional paper copies of any portions of the source code files, not including copies attached to court filings or trial and hearing demonstrative exhibits. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), or (2) necessary for deposition. The Receiving Party shall request printing of only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. Such printouts are to be of minimum 10-point, fixed-width font, and shall not exceed sixty-five (65) lines of text per page. The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth herein whereby the Producing Party is the "Challenging Party," and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(viii) Except as provided in this Protective Order, no electronic copies of the electronic source code shall be made.

(ix) Unless otherwise agreed in advance by the parties in writing, the Receiving Party's Outside Counsel and/or Experts shall remove all notes, documents, and all other materials from the source code viewing room that may contain work product and/or attorney-client privileged information at the end of each day. Materials inadvertently left in the source code viewing room do not operate as a waiver of the attorney work product doctrine or

21

any other applicable privilege and shall be returned to the owner promptly. The Producing Party shall not be responsible for any items left in the source code viewing room.

(x)  Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers and the Party that brought the source code to the deposition will keep possession of the marked deposition source code exhibit. If the deposition exhibit has been marked up or altered in any way by the deponent, the Receiving Party shall store the exhibit in its marked form and provide one copy to outside counsel for the other Party.

(xi)  Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party and any persons receiving source code from Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner (including by way of example only, the Receiving Party and any persons receiving source code from Receiving Party may not scan the source code to a PDF or photograph the code). A party may make and use snippets and images of the source code if necessary for court filings, expert reports, discovery responses and other similar documents. All such documents shall be clearly marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and, if filed, shall be filed under seal. Unless agreed by the parties, images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead).

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

        (a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; and

        (b)     promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order.

    <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in each of the respective above-captioned actions, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.

## 10.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

    The terms of this Order are applicable to information produced by a Non-Party in an above-captioned action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with that particular litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information then the party shall: (i) promptly notify in writing the Requesting Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and (ii) promptly provide the Non-Party with a copy

23

of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested, and inform the Non-Party that it has thirty (30) days to object to the information being provided to the Requesting Party. If the Non-Party fails to seek a protective order from this Court within thirty (30) days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

11. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing (including information and Protected Material) otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity. If any Receiving Party recognizes that any Producing Party (or Non-Party) may have inadvertently produced such protected information, it shall notify the Producing Party promptly, and follow such procedures as set forth

in this Order.  If, after recognizing that privileged information has been produced or disclosed (through notice by a Receiving Party or otherwise), the Producing Party who made the inadvertent production or disclosure sends to each Receiving Party a written request for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time.  Within ten (10) days of receiving such a request, the Receiving Party shall (a) return to the Producing Party all such documents and things identified by the Producing Party as being protected by the attorney-client privilege, work-product immunity, or other privilege or immunity and as having been inadvertently produced, and (b) delete any electronic records thereof.  The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information, except as provided in subparagraph (a) below.

(a)     If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party ("Notice of Designation").  The Receiving Party may retain one (1) copy of the document(s) or thing(s) at issue for the purposes of filing a motion to contest the designation. The copy retained by the Receiving Party must be sequestered, and may not be used for any purpose except to present the information to the Court for a determination of the claim of privilege.

(b)     Within five (5) days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each such document or thing a description of the basis for the claim of privilege or immunity.

(c)      Within five (5) days after receiving such description, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed. Any motion filed pursuant to this paragraph shall be filed under seal in accordance with the procedures set forth herein for filing Protected Material with the court. If the Receiving Party does not contact the Court pursuant to Section 4(f) of the Scheduling Order to contest the designation within such five (5)-day period, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph (a) of this section 12 shall be immediately returned to the Producing Party. Likewise, in the event that the Court rejects the Receiving Party's challenge to the privileged status of the inadvertent production, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph (a) of this section 12 shall be immediately returned to the Producing Party.

(d)      With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the Receiving Party to the privileged status of the inadvertent production, the Receiving Party shall make reasonable efforts to either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(e)      The procedures set forth in this section 12 for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity. There shall be no waiver of the attorney-

client privilege, the work product immunity, or any other privilege or immunity for an inadvertent disclosure or production if the Producing Party complies with the procedures set forth in this Section 12 with respect to such inadvertent disclosure or production.

## 13.    **MISCELLANEOUS**

13.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    <u>Filing Protected Material</u>.  All documents of any nature, including briefs, that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and that are filed with the Court, shall be filed under seal in accordance with the Local Rules of the United States District Court for the District of Delaware.  The parties filing any brief, memorandum, motion, letter or other document (a "Filing") under seal with the Court because the Filing would disclose information from a document that is otherwise required to be filed under seal pursuant to the provisions of this Stipulation and Order shall comply with the provisions set forth in this Stipulation and Order, including the procedures for filing and marking such materials as set forth above.  Any Party who objects to the continued restriction on public access to any document filed under seal pursuant to the provisions of this Stipulation and Order shall give written notice of his objection to the Designating Party.  A Party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

13.4    Service by Email Permitted.  The parties hereby consent that all documents required to be served in this case may be served by an email directed to a representative of the opposing party's lead and local counsel.

13.5    Draft Expert Material.  Pursuant to Federal Rule of Civil Procedure 26(b)(4)(B), no draft expert reports, notes, outlines, or disclosures leading up to a final expert report are discoverable in whatever form. In addition, where a Party retains independent consultants or experts to further technical or consulting services or to give testimony with respect to the subject matter of this action, the following materials will be deemed to be privileged materials or materials otherwise protected from production based on a claim of privilege (attorney-client, work product, or other privilege) and thus not discoverable:

(a) Correspondence between such independent consultants or experts and a party or its outside counsel;

(b) Drafts of expert reports, declarations, or any other materials drafted by or for such independent consultants or experts; and

(c) Communications between such independent consultants and experts and a party or its outside counsel that are related to drafts and/or revisions of expert reports, declarations, or other materials drafted by or for such independent consultants or experts, or that are related to preparation to testify at a hearing, trial, or deposition.

Such protections provided herein are to be construed to be in addition to, and shall not diminish the protections provided in Fed. R. Civ. P. 26(b)(3)–(4). Nothing herein, however, limits the rights of Parties to obtain any document an expert relied upon in forming his or her

opinions or examine an expert concerning such information, which information shall not be privileged.

**14.** **<u>FINAL DISPOSITION</u>**

Within 60 days after the final disposition of an above-captioned action, as defined in paragraph 3, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline confirming the return or destruction of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

**IT IS SO STIPULATED.**

Dated: September 29, 2022

/s/ Timothy Devlin
Timothy Devlin (No. 4241)
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Phone: (302) 449-9010
Fax: (302) 353-4251
tdevlin@devlinlawfirm.com

*Attorneys for Plaintiff*
*Route Guidance Systems LLC*

/s/ Jeremy D. Anderson
Jeremy D. Anderson (#4515)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
(302) 778-8437
janderson@fr.com

Neil J. McNabnay
Ricardo J. Bonilla
Aaron Pirouznia
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
mcnabnay@fr.com
rbonilla@fr.com
pirouznia@fr.com

*COUNSEL FOR DEFENDANTS*
*MAPLEBEAR INC. D/B/A INSTACART, and*
*WAITR, INC.*

SO ORDERED this 29th day of _____September_____, 2022.

_Maryellen Noreika_
United States District Court Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the District of Delaware on [date] in the

cases of *Route Guidance Systems LLC v. Waitr Inc.*, Civil Case No. 1:22-cv-00177-MN, and *Route

Guidance Systems LLC v. Maplebear Inc. d/b/a Instacart,* Civil Case No. 1:22-cv-00178-MN,

("the Actions"). I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this Action.


Date: _____


City and State where sworn and signed: _____


Printed name: _____


Signature: _____

# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CHARLES SMITH ENTERPRISES, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>CATAPULT SPORTS, INC.,<br><br>        Defendant. | **Civil Action No. 21-1278-CFC**<br><br>**JURY TRIAL DEMANDED** |
| CHARLES SMITH ENTERPRISES, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>DVSPORT, INC.,<br><br>        Defendant. | **Civil Action No. 21-1279-CFC**<br><br>**JURY TRIAL DEMANDED** |

## <u>STIPULATED PROTECTIVE ORDER</u>

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and subject to the approval of the Court, by and between the parties to the above-captioned actions and by their respective undersigned counsel, that this Stipulation and Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties to each of the respective above-captioned actions.  Although

submitted jointly in connection with each of the above-captioned actions, each such action shall be treated as separate and independent in terms of the protection of a party's confidential information, and, unless specifically provided for in this Stipulation and Order, nothing in this Stipulation and Order shall be construed to permit access by a party in one of the above-captioned actions to the confidential information produced by a party in another of the actions absent agreement of the producing party and/or separate order of the Court.

Accordingly, based upon the agreement of the parties, IT IS HEREBY ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Procedures shall be adopted for the protection of confidential and proprietary information:

## PROCEDURES FOR PROTECTION OF CONFIDENTIAL
## AND PROPRIETARY INFORMATION

1. **DEFINITIONS**

    1.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    1.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    1.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their support staff).

    1.4   <u>Designated In-House Counsel</u>: In-House Counsel who have access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

    1.5   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

    1.6   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the above-captioned actions.

    1.7   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the respective litigations who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in one or more of the above-captioned actions, (2) is not a current

3

employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

1.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

1.9 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items" representing computer code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler or other translator) and associated comments and revision histories, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Provided it meets the foregoing parameters, computer code or source code in this category includes source code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), any text written in any high-level programming language defining firmware and/or software functionalities implemented on an integrated circuit, microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, provided it meets the above parameters, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

4

1.10    In-House Counsel: attorneys who are employees of a Party to one of the above-captioned actions. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to an above-captioned action in question.  A defendant in one of the above-captioned actions shall be deemed a Party to that action but a Non-Party to the other action.

1.12    Outside Counsel of Record: attorneys who are not employees of a Party to an above-captioned action but are retained to represent or advise a Party to that action, have appeared in the action on behalf of that Party, or are affiliated with a law firm which has appeared on behalf of that Party.

1.13    Party: a party to an above-captioned action, including all of its officers, directors, employees, consultants, and retained experts.

1.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in an above-captioned action.

1.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

5

1.17    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

1.18    <u>Relevant Technology</u>:  a customizable media logging system for indexing media.

## 2.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

For clarity, nothing herein shall affect the right of the Designating Party to disclose to its officers, directors, employees, attorneys, consultants or Experts, or to any other person, its own information.  Such disclosure shall not waive the protections of this Protective Order and shall not entitle other Parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the Designating Party the information becomes public knowledge.  Similarly, the Protective Order shall not preclude a Party from showing its own information to its officers,

directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by another Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 3. <u>DURATION</u>

Even after final disposition of each of the above-captioned actions, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in an action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 4. <u>DESIGNATING PROTECTED MATERIAL</u>

4.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties in its respective action that it is withdrawing the mistaken designation.

7

4.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material, or include such a legend prepended to the filename of a natively produced document, or include such a legend in the load file for a document production associated with such documents.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or, where applicable, "HIGHLY CONFIDENTIAL—SOURCE CODE."   After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material.

8

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to place the entirety of the testimony under the protection of this Order.

**Parties shall give the other** parties **notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."**

**Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.**

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

9

"HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

4.3    Inadvertent Failures to Designate. If timely corrected after recognition by a Producing Party of an inadvertent failure to designate, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Upon timely correction of a designation after recognition by a Producing Party, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. To the extent the Receiving Party has disclosed the Protected Material to any person, or in any circumstance, that would not have been authorized under this Stipulated Protective Order had the correct designation initially been made, the Receiving Party shall follow the requirements of Section 9.

4.4    Right to Seek Additional Protections. This Order is entered without prejudice to the right of any Party to seek additional protections from the Court as may be necessary under particular circumstances.

5.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

5.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall contact the Court pursuant to the Scheduling Order within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each motion filed pursuant to this paragraph must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Challenging Party to contact the Court pursuant to the Scheduling Order,  within 21 days (or 14 days, if applicable), or include the required declaration, shall

11

automatically waive a challenge to the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

**6.**  **ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1  <u>Basic Principles</u>.  Absent further Order from the Court, the Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with an above-captioned action only for prosecuting, defending, or attempting to settle that particular action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for that particular litigation;

(b)  three (3) current officers, directors, or employees (including one or both In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the litigation in which said information is produced, following identification of such individual to

12

each of the other parties and approval by the other parties, such approval not to be unreasonably delayed or withheld, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       (c)    Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which said information is produced (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.5(a), below, have been followed;

       (d)    the court and its personnel;

       (e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced;

       (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary, **unless otherwise agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

       (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

    6.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)  the Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information in that particular litigation;

(b)  Designated In-House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) the name(s) of the Designated In-House Counsel have been provided in this Order, in an Exhibit attached hereto, or have been otherwise agreed to by the Parties;

(c)  Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which such information is produced, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.5(a), below, have been followed;

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced; and

(f)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

6.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to the following persons:

14

(a)     the Receiving Party's Outside Counsel of Record in the above-captioned action in which it is produced as well as employees of such Outside Counsel of Record to whom it is reasonably necessary to disclose the information for that particular litigation;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which it is produced, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.5(a), below, have been followed; and

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced; and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

6.5     Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 6.2(c), 6.3(c) and 6.4(b) first must make a written request via e-mail to the Designating Party's Outside Counsel of Record that (1) sets forth the

full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy

of the Expert's current resume, including a list of publications from the past ten years, and (3)

identifies (by name and number of the case and location of court) any litigation in connection

with which the Expert has offered expert testimony, including through a declaration, report, or

testimony at a deposition or trial, during the preceding four years. The Designating Party shall

have seven (7) business days after such notice is given to object in writing via e-mail to the

Receiving Party's Outside Counsel of Record that made the written e-mail request disclosing the

Expert.

      (b)    A Receiving Party that makes a request and provides the information

specified in the preceding respective paragraphs shall not disclose the subject Protected Material

to the identified Expert until expiration of the 7 day notice period.  Any such objection must set

forth in detail the grounds on which it is based.  If during the notice period the Designating Party

serves an objection upon the Receiving Party desiring to disclose Protected Material to the

Expert, there shall be no disclosure of Protected Material to such individual pending resolution

of the objection.

      (c)    A Receiving Party that receives a timely written objection must meet and

confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

matter by agreement within seven (7) business days after the written objection is served. The

Designating Party shall then have fourteen (14) business days after such objection is served  to, if

no agreement is reached, contact the Court pursuant to the Scheduling Order.  Any motion filed

pursuant to this paragraph must describe the circumstances with specificity, and set forth in

detail the reasons why the disclosure to the Expert should not be made.  In addition, any such

motion must be accompanied by a competent declaration describing the parties' efforts to resolve

the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

No document designated by a Designating Party as Protected Material shall be disclosed by a Receiving Party to an Expert until after the individual has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Such written agreement shall be retained by the Outside Counsel of Record for the party that has retained the Expert, but need not be disclosed to any other Party.

In any such proceeding, the Designating Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

6.6     It is understood that Outside Counsel of Record for a Party may give advice and opinions to his or her client based on his or her evaluation of information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" which is provided from the opposing Party to such Outside Counsel of Record in his or her respective action, provided that such rendering of advice and opinions shall not reveal the content of such information, other than in summary form, except by prior written agreement with counsel for the Producing Party. For the avoidance of doubt, nothing in this provision permits the use or disclosure by a party in one of the above-captioned actions of Confidential Information or Items originally produced by a Defendant in another of the above-captioned actions absent agreement of the producing Defendant and/or separate order of the Court.

6.7     Nothing in this Stipulation and Order shall be construed as preventing Outside Counsel
        for defendants in any of the above-captioned actions from discussing amongst themselves
        any of plaintiffs' information designated "CONFIDENTIAL" or "HIGHLY
        CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –
        SOURCE CODE" to which each such Outside Counsel individually has lawful access
        through plaintiffs' productions and/or disclosures in the respective actions.**7.**

**PROSECUTION BAR**

7.1     <u>Prosecution Bar</u>.  Individuals associated with a Receiving Party who personally
review any technical HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY
CONFIDENTIAL – SOURCE CODE Material are prohibited from participating in an
administrative proceeding for the examination and reexamination of a patent or patent
application on behalf of a Party insofar as the participation involves input into the drafting,
revising or amending of a patent claim related to the Relevant Technology, if such administrative
proceeding (e.g., patent application filing) was commenced less than one year following the final
termination of this action (including any appeals).  This prosecution bar does not prevent an
individual from participating in a reexamination, *inter partes* review, or other post-grant review
proceedings involving the patents-at-issue or patents related thereto, except that the individual is
prohibited from participating in the drafting of any claim or amendment to any claim in that
proceeding. For the avoidance of any doubt, "participating in an administrative proceeding for
the examination and reexamination of a patent or patent application on behalf of a Party" to a
respective litigation shall not include representing a Party or otherwise participating in reissue
proceedings, *ex parte* reexamination, *inter partes* review, covered business method review, or
post-grant review proceedings, provided such representation or other participation in such

18

proceedings does not include any involvement in drafting or seeking amendment of any claims related to the Relevant Technology on behalf of the represented Party, if such administrative proceeding was commenced less than one year following the final termination of this action (including any appeals). This prosecution bar is personal to the person subscribing to the Protective Order in this litigation and shall not be imputed to any other person or entity.

## 8.   SOURCE CODE

8.1     To the extent production of source code becomes necessary in this case, a Designating Party may designate documents, information, or things as "HIGHLY CONFIDENTIAL-SOURCE CODE," which shall mean material of a Designating Party or of any Non-Party that a Producing Party is permitted to produce in this litigation that constitutes or contains non-public Source Code (as also defined above at 1.9).

8.2     Materials designated as "HIGHLY CONFIDENTIAL-SOURCE CODE" shall only be reviewable by SOURCE CODE QUALIFIED PERSONS. , which include the following: (1) Outside Counsel of Record and staff employed by such litigation counsel as necessarily incident to the litigation; (2) personnel at interpretation/translation service establishments retained by, but not regularly employed by, Outside Counsel of Record as necessarily incident to the litigation of this litigation, including without limitation oral interpreters and document translators; (3) the Court, the Judge, the Court Staff, Court personnel and contract personnel who are acting in the capacity of Court employees; (4) court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or trial in this litigation; (5) Experts designated in this litigation and complying with this Protective Order,; and (6) a Designating Party's employees, 30(b)(6) witnesses, or Experts designated by the Designating Party. The Designating Party and the

Receiving Party may meet and confer to discuss other potential categories of SOURCE CODE QUALIFIED PERSONS.

        8.2.1    Experts may only review "HIGHLY CONFIDENTIAL-SOURCE CODE" Information or Items after being expressly identified to the Designating Party as seeking access to HIGHLY CONFIDENTIAL SOURCE CODE Information or Items.

        8.2.1.1    No less than seven (7) calendar days prior to the initial disclosure to an Expert of any "HIGHLY CONFIDENTIAL-SOURCE CODE" Information or Items, the Receiving Party shall submit in writing the name of such Expert and his or her educational and detailed employment history to the Designating Party. If the Designating Party objects to the disclosure of such "HIGHLY CONFIDENTIAL-SOURCE CODE" Information or Items to such Expert, it shall notify the Receiving Party in writing of its objection and the grounds therefore prior to the initial disclosure. If the dispute is not resolved on an informal basis after meeting and conferring as required by Local Rule 7.1.1 within seven (7) days of receipt of such notice of objections, the Parties may seek guidance from the Court. The disclosure of information designated as "HIGHLY CONFIDENTIAL-SOURCE CODE" shall be withheld to such Expert pending resolution of the dispute.

8.3    Source Code shall be provided with the following additional protections:

        8.3.1    Nothing in this Protective Order shall obligate the Parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

        8.3.2    Access to Source Code will be given only to SOURCE CODE QUALIFIED PERSONS.

20

8.3.3 Access to Source Code shall be provided on no more than two "stand-alone" computer(s) (*i.e.*, the stand-alone secure computer(s) may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet, and may not be connected to any printer or storage device other than the internal hard disk drive of the stand-alone secure computer(s) without the consent of the Designating Party). The stand-alone secure computer(s) shall be kept in a secure location at the offices of the Designating Party's Outside Counsel of Record, or at such other location as the Designating Party and Receiving Party mutually agree. The stand-alone secure computer(s) may be password protected and shall have the Source Code stored on a hard drive contained inside the stand-alone secure computer(s) or, at the Designating Party's election, otherwise accessible on the stand-alone secure computer(s). The stand-alone secure computer(s) may be locked down so that additional peripheral devices cannot be connected to the stand-alone secure computer(s) by the Receiving Party. The Designating Party shall produce Source Code in computer searchable format on the stand-alone secure computer(s). The stand-alone secure computer(s) shall, at the Receiving Party's request, include reasonable analysis tools appropriate for the type of Source Code. The Receiving Party shall be responsible for providing the tools or licenses to the tools that it wishes to use to the Designating Party so that the Designating Party may install such tools on the stand-alone secure computer(s). The Receiving Party must provide the Designating Party with the licensed software tool(s) at least seven (7) calendar days in advance of the date upon which the Receiving Party wishes to have the software tools available for use on the stand-alone secure computer. The Receiving Party shall not on its own at any time attempt the installation of any compilers, interpreters, or simulators on the stand-alone secure computer in connection with the Designating Party's Source Code. The Receiving Party may request installation of any compilers, interpreters, or simulators in connection with the Designating

21

Party's Source Code, and the parties will work in good faith to negotiate such installation subject to a good faith need for their use. To the extent that such tools record local working files or other records reflecting the work performed by the Receiving Party, such files and records shall not be reviewed, altered, or deleted by the Designating Party.

8.3.4    The Receiving Party shall provide at least three (3) business days' notice to access the source code and make reasonable efforts to restrict its requests for access to the stand-alone secure computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:30 p.m. local time at the reviewing location. Upon reasonable notice from the Receiving Party, which shall not be less than five (5) business days in advance, the Designating Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone secure computer(s) outside of normal business hours. Such an expanded review period shall not begin earlier than 8:00 a.m. and shall not end later than 8:00 p.m. local time at the reviewing location. The Parties are to cooperate in good faith such that maintaining the Source Code at the offices of the Designating Party's outside litigation counsel shall not unreasonably hinder the Receiving Party's ability to efficiently conduct the prosecution or defense in this litigation. Proper identification of all SOURCE CODE QUALIFIED PERSONS shall be provided prior to any access to the standalone secure computer(s).

8.3.5    All SOURCE CODE QUALIFIED PERSONS who are designated Experts of a Receiving Party and will review Source Code on behalf of a Receiving Party shall be identified in writing to the Designating Party at least seven (7) calendar days in advance of the first time that such person reviews such Source Code. The Designating Party shall provide these individuals with information explaining how to start, log on to, and operate the stand-alone secure computer(s) in order to access the produced Source Code on the stand-alone secure computer(s).

22

For subsequent reviews by SOURCE CODE QUALIFIED PERSONS, the Receiving Party shall give at least three business days (and at least 72 hours) notice to the Designating Party of such review. Advance notice for a subsequent review shall be sufficient when provided by 1:00 p.m. (local time at the location of the stand-alone secure computer(s)) during the course of a review session, for such review to continue on the next subsequent business day.

       8.3.6     No person other than the Designating Party may alter, dismantle, disassemble or modify the stand-alone secure computer(s) in any way, or attempt to circumvent any security feature of the stand-alone secure computer(s).

       8.3.7     No copies shall be made of Source Code, whether physical, electronic, or otherwise, other than volatile copies necessarily made in the normal course of accessing the Source Code on the stand-alone secure computer(s), except for: (1) print outs of reasonable portions of the Source Code; and (2) such other uses to which the Parties may agree or that the Judge or Court may order. The Receiving Party shall not use any outside electronic device to copy, record, photograph, or otherwise reproduce Source Code. "Reasonable portions of the Source Code" shall be limited to the portions that are necessary to understand a relevant feature of an accused product in this litigation. The Designating Party shall not unreasonably withhold approval and the Parties shall meet and confer in good faith to resolve any disputes. The Receiving Party may not bring any electronic devices into the secured review room, including but not limited to, cameras, video recording equipment, sound recording equipment, smartphones, tablets, cellular telephones, laptops or computers, floppy drives, CDs, DVDs, USB- connectable devices, zip drives or any drives of any kind, peripheral equipment and/or other electronic recording media. The Receiving Party may take notes related to the Source Code, so long as such notes are clearly designated and treated as HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY or HIGHLY

CONFIDENTIAL-SOURCE CODE (as appropriate depending on whether the notes contain excerpts of the Source Code). The Designating Party may exercise personal supervision from outside the review room over the Receiving Party when the Receiving Party is in the Source Code review room. Such supervision, however, shall not entail review of any work product generated by the Receiving Party, *e.g.*, monitoring the screen of the stand-alone secure computer(s), monitoring any surface reflecting any notes or work product of the Receiving Party, or monitoring the key strokes of the Receiving Party. There will be no video supervision by any Designating Party. The Designating Party may employ security measures on the stand-alone secure computer(s) such as physical measures to prevent or detect tampering with the stand-alone secure computer(s), disabling of communication ports and software functionality, data encryption, access logging limitations on access privileges by the Receiving Party, and specification and configuration of the operating system, so long as such measures do not impact the normal operation of the reasonable analysis tools to be used for inspecting the Source Code. The Receiving Party shall not attempt to knowingly circumvent any security measures implemented by the Designating Party, under any circumstances. In order to verify that its Source Code has not later been altered, the Designating Party may benchmark the materials before and after they are provided, but shall not install any keystroke or other monitoring software on the stand-alone secure computer(s).

        8.3.8     Proper identification of all SOURCE CODE QUALIFIED PERSONS that are designated Experts under this Protective Order shall be provided prior to any access to the secure location or the stand-alone secure computer(s). Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state, by the District of Columbia, by the United States federal government, or by the nation state of the authorized person's current citizenship. Access to the secure location or the stand-alone secure computer(s) may be denied, at

the discretion of the Designating Party, to any such individual who fails to provide proper identification. Any SOURCE CODE QUALIFIED PERSONS that are Experts designated under this Protect Order, who request access to the secure location or the stand-alone secure computer(s) shall counter-sign a copy of the Agreement to Be Bound attached to this Order as Exhibit A.

8.3.9 Nothing may be removed from the stand-alone secure computer(s), either by the Receiving Party or at the request of the Receiving Party, except for such uses to which the Parties may expressly agree or that the Judge or the Court may order.

8.3.10 The stand-alone secure computer(s) shall be configured with a means for selecting Source Code for printing, as permitted herein. To facilitate the printing process, the Reviewing Party may create local PDF copies of reasonable portions of the Source Code to be subsequently printed onto paper copies in accordance with this paragraph. SOURCE CODE QUALIFIED PERSONS may select portions of the Source Code to print only when reasonably necessary to facilitate the Receiving Party's preparation of filings with the Judge or Court, expert reports, contentions, and hearing exhibits, and shall print only such portions as are believed to be relevant to the claims and defenses in the case and are reasonably necessary for such purposes. SOURCE CODE QUALIFIED PERSONS shall not print Source Code that has not been reviewed on the stand-alone secure computer(s), or in order to review the Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing the Source Code electronically on the stand- alone secure computer(s). All original printed pages of Source Code shall be retained by the Designating Party. At the request of the Receiving Party, the Designating Party shall, within seven (7) calendar days, provide one (1) hard copy print out of the specific lines, pages, or files of the Source Code that the Receiving Party believes in good faith are necessary to understand a relevant feature of an accused product. The Designating Party and the Receiving Party shall meet and confer regarding

25

any hard copies of the Designating Party's Source Code requested by the Receiving Party that exceed thirty (30) continuous pages of the Designating Party's produced source code for any given software or hardware description release. If the Designating Party objects in any manner to the production of the requested source code (*e.g.*, the request is too voluminous), it shall state its objection prior to the end of the seven (7) calendar days pursuant to this paragraph. In the event of a dispute, the Parties will meet and confer within seven (7) calendar days of the objection being raised and if they cannot resolve it the Parties will raise it with the Judge.

8.3.11    Hard copy print outs of Source Code shall be provided on Bates numbered and watermarked or colored paper clearly labeled HIGHLY CONFIDENTIAL-SOURCE CODE on each page and shall be maintained by the Receiving Party's outside litigation counsel or other SOURCE CODE QUALIFIED PERSONS in a secured locked area. To the extent that hard copy print outs of Source Code are maintained by a Receiving Party's Expert, the Expert shall store the hard copy print outs in a secure locked container located in the Expert's home office or office at all times when the hard copy print outs of Source Code are not in use.  The Receiving Party may also temporarily keep the print outs at: (1) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (2) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (3) any reasonably secure intermediate location reasonably necessary to transport the print outs (*e.g.*, a safe in a locked hotel room prior to a Court proceeding or deposition, or a secure carrier such as FedEx). For avoidance of doubt, an access-restricted location within the facilities of Outside Counsel of Record or a qualified Expert, such as a conference room within an access restricted office while the print outs are being reviewed or used or a locked drawer or cabinet when the print outs are not in use, shall constitute a secured locked area. The Receiving Party shall exercise due care in limiting visual

26

access to the print outs, maintaining the security of the print outs at these temporary locations, and transporting the print outs to and from these temporary locations. Moreover, no more than thirty (30) continuous pages of the Designating Party's Source Code for any given software or hardware description release, in hard copy format, may be shipped via FedEx, or other similar carrier, in any one single container. For the avoidance of doubt, any shipment of the Designating Party's Source Code in paper format that exceeds the limitations above would be required to be shipped in multiple containers. No further hard copies of such Source Code shall be made and the Source Code shall not be transferred into any electronic format or onto any electronic media except that:

        8.3.11.1      The Receiving Party is permitted to make up to four (4) additional hard copies for use as working copies by SOURCE CODE QUALIFIED PERSONS.

        8.3.11.2      The Receiving Party is permitted to make up to three (3) additional hard copies for use at a deposition. One hard copy of the source code may be marked as an exhibit for the deposition, and then maintained by the Designating Party. All other copies shall be returned to the Designating Party or securely destroyed immediately after the deposition is concluded.

        8.3.11.3      The Receiving Party is permitted to make up to five (5) additional hard copies for the Court in connection with a Court filing, hearing, or trial, and of only the specific pages directly relevant to and necessary for deciding the issue for which the portions of the Source Code are being filed or offered. To the extent portions of Source Code are quoted in a Court filing, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL-SOURCE CODE; or (2) those pages containing quoted

Source Code will be separately stamped and treated as HIGHLY CONFIDENTIAL-
SOURCE CODE.

        8.3.11.4      To the extent permitted by the Judge and the Court, the
Parties may seek permission to treat print outs of Source Code, as physical exhibits that
will be submitted to the Court in sealed and labeled envelopes. Notwithstanding the
foregoing, the Designating Party and the Receiving Party shall meet and confer to the
extent that the Receiving Party believes that it is reasonably necessary to submit electronic
copies of the Source Code as exhibits. To the extent that physical exhibits of the Source
Code are not permitted by the Judge or the Court, electronic copies of Source Code may
be made to be included in documents and filings which, pursuant to the Court's rules,
procedures and order(s), must be filed or served electronically. In either event, electronic
copies of (i) excerpts, of less than sixty-five (65) contiguous lines of Source Code, from
the hard copy print outs of the Source Code, (ii) summaries and/or descriptions of the
Source Code created by the Receiving Party, and (iii) testimony related to the Source Code
(*e.g.*, deposition and/or hearing transcripts or videos) may be included, as reasonably
necessary, in: (a) documents and filings that may be filed, submitted, and/or served
electronically; (b) transmissions by a SOURCE CODE QUALIFIED PERSON to a
SOURCE CODE QUALIFIED PERSON; or (c) electronic files that are securely stored on
a Receiving Party's or SOURCE CODE QUALIFIED PERSON'S server, hard drive, or
thumb drive. After any such storage, electronic filing, submission, or service, the Receiving
Party may maintain reasonable copies of such Source Code, but shall delete all other
electronic copies of Source Code from all Receiving Party electronic storage devices.

8.3.11.5    The Designating Party shall, on request, make a searchable electronic copy of the Source Code available on a secure computer during depositions of witnesses who would otherwise be permitted access to such Source Code. The Receiving Party shall make such request at the time of the notice for deposition.

8.3.12    Nothing in this Protective Order shall be construed to limit how a Designating Party may maintain material designated as HIGHLY CONFIDENTIAL-SOURCE CODE.

8.3.13    Outside Counsel of Record for the Receiving Party with custody of HIGHLY CONFIDENTIAL-SOURCE CODE Information shall maintain a source code log containing the following information: (1) the identity of each person granted access to the HIGHLY CONFIDENTIAL-SOURCE CODE Information; and (2) the first date on which such access was granted. Outside Counsel of Record for the Receiving Party will produce, upon reasonable request and for good cause shown, each such source code log to the Designating Party within twenty-one (21) calendar days of such reasonable request, following the final termination of the litigation (including any appeals).

8.3.14    Information designated as HIGHLY CONFIDENTIAL-SOURCE CODE Information must be stored and maintained at a location in the United States and in a secure manner that ensures that access is limited to SOURCE CODE QUALIFIED PERSONS. To ensure compliance with applicable United States Export Administration Regulations, HIGHLY CONFIDENTIAL-SOURCE CODE Information may not be exported outside the United States by a SOURCE CODE QUALIFIED PERSON. For clarity, HIGHLY CONFIDENTIAL-SOURCE CODE Information is not considered exported if carried or sent by a SOURCE CODE QUALIFIED PERSON via secure carrier to a foreign country for the purpose of litigation. Nothing

in this paragraph is intended to limit what a foreign Designating Party may do with its own Source Code.

8.3.15    Unless otherwise permitted in writing between Designating Party and Receiving Party, Experts given access to HIGHLY CONFIDENTIAL-SOURCE CODE Information produced by another Party must agree in writing not to perform hardware or software development work or product development work intended for commercial purposes in the Relevant Technology related to the particular and specific information disclosed in the HIGHLY CONFIDENTIAL-SOURCE CODE from the time of first receipt of such material through the date the expert ceases to have access to any such material. For avoidance of doubt, during periods in which the individual person(s) has ceased to have possession of such material or any documents or notes reflecting such material, this section shall not apply.

8.3.16    Disclosure of a qualified Expert's or consultant's educational and detailed employment history to the Designating Party shall include at least (a) the Expert's name; (b) business address; (c) occupation; (d) the Expert's CV; (e) any previous or current relationship with the Designating Party or any of the Parties to this Litigation; (f) a list of other cases in which the Expert has testified (at trial or deposition) within the last four years; and (g) a list of all companies with which the Expert has consulted or by which the Expert has been employed within the last four years, the dates of the consultancy or employment, a brief description of the subject matter of the consultancy or employment. The Disclosing Party shall also provide copies of the "Acknowledgement and Agreement To Be Bound" to attached as Exhibit A, signed by the Expert, to the Designating Party.  This paragraph does not require the Disclosing Party to disclose aspects of any Expert's business or profession or companies with which the proposed expert has consulted or by which the proposed expert has been employed to the extent such information is confidential

30

or subject to a non-disclosure agreement; in any such instance, the Disclosing Party will describe the confidential experience in such a manner so as to enable the other Party to determine that no valid concerns exist regarding the Disclosing Party's retention of that Expert.

### 9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing

31

in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

Other Proceedings. By entering this order and limiting the disclosure of information in each of the respective above-captioned actions, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in an above-captioned action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties in connection with that particular litigation is protected by the remedies and relief provided by this Order.  Each Non-Party Producing Party shall be provided a copy of this Order by the Party seeking information from said Non-Party. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Order, and (d) request such person or persons to execute the

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The

execution of the "Acknowledgement and Agreement to Be Bound" in this instance does not mean

that the person or persons shall be entitled to receive Protected Material going forward unless the

person or persons meet the requirements of Sections 6.2, 6.3, or 6.4 as provided above.

## 12. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any

document or thing (including information and Protected Material) otherwise protected by the

attorney-client privilege, work-product immunity, or other privilege or immunity shall not

operate as a waiver of any such privilege or immunity. If any Receiving Party recognizes that

any Producing Party (or Non-Party) may have inadvertently produced such protected

information, it shall notify the Producing Party promptly, and follow such procedures as set forth

in this Order. If, after recognizing that privileged information has been produced or disclosed

(through notice by a Receiving Party or otherwise), the Producing Party who made the

inadvertent production or disclosure sends to each Receiving Party a written request for return of

the inadvertently produced or disclosed document or thing within a reasonably prompt period of

time following discovery of the inadvertent production. Within ten (10) days of receiving such a

request, the Receiving Party shall (a) return to the Producing Party all such documents and things

identified by the Producing Party as being protected by the attorney-client privilege, work-

product immunity, or other privilege or immunity and as having been inadvertently produced,

and (b) delete any electronic records thereof (with the exception of back-up tapes or other

33

archival media, which should be treated in accordance with standard retention policies). The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information, except as provided in subparagraph (a) below.

(a)     If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity or by common-interest privilege or immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party ("Notice of Designation"). The Receiving Party may retain one (1) copy of the document(s) or thing(s) at issue for the purposes of filing a motion to contest the designation. The copy retained by the Receiving Party must be sequestered, and may not be used for any purpose except to present the information to the Court for a determination of the claim of privilege.

(b)     Within five (5) days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each such document or thing a description of the basis for the claim of privilege or immunity.

(c)     Within five (5) days after receiving such description, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed.   Any motion filed pursuant to this paragraph shall be filed under seal in accordance with the procedures set forth herein for filing Protected Material with the court.  If the Receiving Party does not contact the Court pursuant to the Scheduling Order to contest the designation within such five (5)-day period, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph (a) of this section 12 shall be immediately returned to the Producing Party.  Likewise, in the event that the Court rejects the Receiving Party's challenge to

34

the privileged status of the inadvertent production, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph (a) of this section 12 shall be immediately returned to the Producing Party.

(d) With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the Receiving Party to the privileged status of the inadvertent production, the Receiving Party shall make reasonable efforts to either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(e) The procedures set forth in this section 12 for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity. There shall be no waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity for an inadvertent disclosure or production if the Producing Party complies with the procedures set forth in this Section 12 with respect to such inadvertent disclosure or production.

## 13. MISCELLANEOUS

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Filing Protected Material</u>. All documents of any nature, including briefs, that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and that are filed with the Court, shall be filed under seal in accordance with the Local Rules of the United States District Court for the District of Delaware. The parties filing any brief, memorandum, motion, letter or other document (a "Filing") under seal with the Court because the Filing would disclose information from a document that is otherwise required to be filed under seal pursuant to the provisions of this Stipulation and Order shall comply with the provisions set forth in this Stipulation and Order, including the procedures for filing and marking such materials as set forth above. Any Party who objects to the continued restriction on public access to any document filed under seal pursuant to the provisions of this Stipulation and Order shall give written notice of his objection to the Designating Party. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

13.4 <u>Service by Email Permitted</u>. The parties hereby consent that all documents required to be served in this case may be served by an email directed to the representatives of the opposing party's lead and local counsel as listed on the court's docket.

13.5 <u>Computation of Time:</u> The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

13.6     Privilege Log: The Parties shall not be required to log on a privilege log any protected communications after the filing date of the above referenced litigations of September 8, 2021.

## 14.    **FINAL DISPOSITION**

Within 60 days after the final disposition of an above-captioned action, as defined in paragraph 3, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline confirming the return or destruction of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

**IT IS SO STIPULATED.**

DATED:  May 23, 2022

<table>
<tr><td>

/s/Timothy Devlin
Timothy Devlin (No. 4241)
tdevlin@devlinlawfirm.com
Paul Richter (*pro hac vice*)
prichter@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010

*Counsel for Plaintiff Charles Smith
Enterprises, LLC*

</td><td>

/s/Geoffrey G. Grivner
Geoffrey G. Grivner (#4711)
BUCHANAN INGERSOLL & ROONEY
919 North Market Street, Suite 990
Wilmington, Delaware 19801
Telephone: (302) 552-4207
Facsimile: (302) 552-4295
Email: geoffrey.grivner@bipc.com

Robert D. Finkel (*pro hac vice*)
BUCHANAN INGERSOLL & ROONEY
Union Trust Building
501 Grant Street, Ste. 200
Pittsburgh, PA 15219
Tel.: (412) 562-5263
Email: robert.finkel@bipc.com

Andrew R. Cheslock (*pro hac vice*)
BUCHANAN INGERSOLL & ROONEY
1737 King Street, Ste. 500
Alexandria, VA 22314
Telephone: (708) 838-6523
Facsimile: (708) 836-2021
Email: andrew.cheslock@bipc.com

*Attorneys for Defendant DVSport, Inc.*

/s/Kelly E. Farnan
Kelly E. Farnan (#4395)
Valerie A. Caras (#6608)
Griffin A. Schoenbaum (#6915)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
caras@rlf.com

</td></tr>
</table>

Andrew G. Strickland (*pro hac vice*)
Lee & Hayes, P.C.
75 14th Street NE, Suite 2500
Atlanta, GA 30309
(404) 815-1900
andrew.strickland@leehayes.com

Caleb Hatch (*pro hac vice*)
Lee & Hayes, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
509.944.4655
caleb.hatch@leehayes.com

*Attorneys for Defendant Catapult
Sports Inc.*

SO ORDERED this ⎯⎯ day of May, 2022.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
U.S. District Court Judge

## EXHIBIT A
### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Delaware on _____ [date] in the case of _____ *[PLAINTIFF'S NAME v. DEFENDANT'S NAME]*, Civil Case No. _____ ("the Action"). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the _____ District of _____ for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.


Date: _____


City and State where sworn and signed: _____


Printed name: _____


Signature: _____