**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC., and EAGLE SUB1 LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>APOTEX INC., AND APOTEX CORP,<br><br>        Defendants. | C.A. No. 24-64-JLH (CONSOLIDATED)<br><br>**JURY TRIAL DEMANDED** |
| EAGLE PHARMACEUTICALS, INC., and EAGLE SUB1 LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>SLAYBACK PHARMA LLC and AZURITY PHARMACEUTICALS, INC.,<br><br>        Defendants. | C.A. No. 24-65-JLH (CONSOLIDATED)<br><br>**JURY TRIAL DEMANDED** |
| EAGLE PHARMACEUTICALS, INC., and EAGLE SUB1 LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>BAXTER HEALTHCARE CORPORATION,<br><br>        Defendant. | C.A. No. 24-66-JLH (CONSOLIDATED)<br><br>**JURY TRIAL DEMANDED** |

**LETTER TO THE HONORABLE ELEANOR G. TENNYSON
FROM PLAINTIFFS EAGLE PHARMACEUTICALS, INC.
<u>AND EAGLE SUB 1 LLC REGARDING DISCOVERY DISPUTE</u>**

Dear Judge Tennyson:

Pursuant to the Court's October 8, 2025 Order, Plaintiffs Eagle Pharmaceuticals, Inc. and Eagle Sub 1 LLC (collectively, "Eagle") respectfully request that the Court order Defendants Apotex Inc., Apotex Corp., Slayback Pharma LLC, Azurity Pharmaceuticals, Inc., and Baxter Healthcare Corporation (collectively, "Defendants") to comply with the single request in Eagle's subpoenas and produce a limited set of financial documents that are undisputedly relevant to damages and the validity of the three patents that Eagle asserts against each Defendant.

### A. Judge Hall Already Rejected Defendants' Arguments in a Related Dispute

Early in these coordinated cases, Judge Hall rejected Defendants' proposed protective order term, which would have required Eagle to obtain Defendants' permission to include multiple Defendants' confidential information in the same filing, served document, or proceeding. *See* D.I. 62 (24-64); D.I. 48 (24-65); D.I. 48 (24-66). In doing so, Judge Hall soundly rejected two of the same arguments Defendants make in the present dispute: (1) Defendants' claim of undue prejudice from disclosure of their confidential information to "direct competitors" and (2) Baxter's argument that a purported conflict prevents disclosure of Baxter confidential information to Latham & Watkins LLP. *Compare id.* with Ex. 1 (8/20/24 Hr'g Tr.) at 11-13. During the hearing on the protective order dispute, Judge Hall told the parties that "[w]ith respect to damages, I can see in a case like this exactly how other defendants' financial information might be relevant." Ex. 1 at 12:4-6. Accordingly, Judge Hall entered a protective order allowing (1) the inclusion of multiple parties' confidential or highly confidential information in filings, served documents, and proceedings and (2) disclosure of Baxter confidential information or highly confidential information to Latham "as necessary to facilitate joint administration of these cases." D.I. 74 (24-64); D.I. 54 (24-65); D.I. 54 (24-66) ("Protective Order") at ¶ 4(d), ¶ 27. Thus, the Protective Order entered by Judge Hall contemplates production of materials such as those at issue in the various coordinated actions.

### B. Defendants Refuse to Give Permission for Cross Use or to Comply with Eagle's Subpoenas

In each of their cases, Defendants have produced certain documents containing sales data for their respective accused bendamustine products ("Financial Documents") and designated them Highly Confidential. Under the Protective Order, the receiving party must obtain permission before disclosing confidential or highly confidential information to a party in a different case. *See* Protective Order at ¶ 4(d). Thus, Eagle asked each Defendant to agree that Eagle could use the Financial Documents in the other two cases, consistent with the terms of the Protective Order. Ex. 2, 7/15/25 Emails from Joyce. Defendants refused.

To avoid undue delay, Eagle also served Rule 45 subpoenas on each Defendant, seeking production of the Financial Documents in the other two coordinated cases. *See* Exs. 3 (Apotex); 4 (Baxter); and 5 (Slayback). Defendants refused to comply with the subpoenas, but did not move to quash the subpoenas or seek a protective order. *See* Exs. 7-9 Thus, Eagle now moves to compel production in compliance with the subpoenas pursuant to Rule 45(d)(2)(B)(i).

1

### C. Each Defendant's Financial Documents Are Relevant in the Other Two Cases

There is no credible dispute that the Financial Documents are relevant to damages and validity (commercial success) in the other coordinated cases. *See, e.g.*, Ex. 2, 7/15/25 emails from Joyce; Ex. 6, 9/16/25 Ltr. from Proctor. As noted above, Judge Hall readily saw the relevance of other defendants' financial information in cases like these. *See* Ex. 1 at 12:4-6. Because each Defendant is accused of infringing the same Eagle patents, their infringing liquid bendamustine products are considered "patented products" under the first *Panduit* factor for determining lost profits damages. *See Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.,* 575 F.2d 1152, 1156 (6th Cir. 1978) ("demand for the patented products"). Sales of infringing products are "compelling evidence of the demand for the patented product," and the Financial Documents requested by the subpoena are relevant to proving such demand. *See Bos. Sci. Corp. v. Cordis Corp.*, 838 F. Supp. 2d 259, 274-75 (D. Del. 2012), *aff'd*, 497 F. App'x 69 (Fed. Cir. 2013). Second, the Financial Documents contain sales information relevant to determining whether Defendants' infringing products have achieved commercial success, a factor considered to assess whether Defendants have shown the asserted patents are invalid as obvious. *See, e.g.*, *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987) (finding third party sales data relevant to commercial success).

Nor is there any burden for Defendants to produce the Financial Documents. Eagle only sought the minimal number of documents necessary to establish demand and commercial success: two documents from Apotex, three from Slayback, and three from Baxter. And, because Defendants have already produced these documents to Eagle in each respective case, they only need to consent to their use in the other cases.

### D. Defendants' Objections Are Without Merit

Although their positions have shifted, Defendants have refused to produce the Financial Documents for cross use in the other coordinated cases for three principal reasons. First, Defendants claim that the Protective Order offers insufficient protection and/or bars the proposed cross use entirely. Second, Defendants contend that Eagle must first explain exactly how it will use the Financial Documents before consent is provided. Third, Baxter (but not the other Defendants) contends that a purported conflict of interest prohibits cross use of the requested Baxter documents. Each objection fails.

**Confidentiality**. Defendants argue that the Protective Order does not provide enough protection for the Financial Documents because their production to "competitors" allegedly increases the risk of improper or inadvertent disclosure. *See, e.g.*, Ex. 6 (memorializing meet and confer); Ex. 7, Apotex Obj. at 2-3. As an initial matter, the Financial Documents are designated Highly Confidential, so no in-house personnel will have access. Protective Order at ¶ 5(b). In any event, this objection is legally insufficient because parties cannot refuse to produce legitimate discovery based on speculative concerns about potential protective order violations. *See, e.g.*, *Procter & Gamble Co. v. Boyle-Midway, Inc.*, 1983 WL 830080, at *1 (D. Del. Apr. 11, 1983) (rejecting argument based on "assumption" that counsel "will violate any protective order entered by using sensitive business documents for improper purposes"). It is particularly baseless here because Defendants already produced the Financial Documents to a competitor—Eagle—without expressing these confidentiality concerns. There is no basis for Defendants' contention that

ME1\58604530.v1

disclosure of the Financial Documents to the other defendants and on outside counsel's eyes only basis will increase the danger of improper disclosure.

Defendants also argue that the proposed cross use would "circumvent" the Protective Order. Not so. The Protective Order expressly requires permission before disclosing documents to a party in another case. Eagle requested that permission in July 2025, specifically to comply with the Protective Order. Yet, Defendants have unreasonably withheld their consent for Eagle to use the Financial Documents across the coordinated cases based on this circular objection. The Protective Order expressly provides protection for documents produced by third parties. *See, e.g.*, Protective Order at ¶ 1(e). The Financial Documents will be treated with the same confidentiality as any other document produced in this case, whether by a party or a third party.

**Use of the Financial Documents**. Defendants' assertion that Eagle has refused to disclose how Eagle intends to use the Financial Documents is likewise wrong. Eagle has repeatedly explained to Defendants that—to prove demand for the patented products and commercial success—it intends to use these documents as it would any other evidence: in discovery responses, contentions, expert disclosures, motion practice, and trial. *See, e.g.*, Ex. 6, at 2. Defendants, not satisfied with this answer, have demanded to know exactly what information from each document Eagle intends to use and exactly how Eagle intends to use it. *See, e.g.*, *id.* There is no basis for such a sweeping request, which would require Eagle to disclose its work product in exchange for compliance with the subpoenas. Eagle has identified the Financial Documents (by Bates number), their relevance (including damages and commercial success), and will comply with the Court's schedule for discovery responses, expert reports, pre-trial, and trial. Nothing further is required.

**Purported Conflict**. Finally, Baxter argues the proposed cross use would implicate a purported conflict of interest. Judge Hall already addressed this issue in the context of the Protective Order dispute, finding in Eagle's favor. *See* Ex. 1, at 6:6-10; 13:8-12. As the Protective Order states, "Latham & Watkins LLP cannot use Baxter information ***adverse to Baxter***." D.I. 54 (24-66) at § 27 (emphasis added). But, here, Baxter's Financial Documents would only be used by Latham to support Eagle's damages and validity claims against Apotex and Slayback—***not*** adverse to Baxter. Thus, the purported conflict is not implicated in Eagle's proposed cross use.

Eagle respectfully requests that the Court grant this motion and compel Defendants to produce the documents identified in Eagle's subpoenas within three (3) days of the date of the Court's order and allow their use in each of the three coordinated cases. Alternatively, because Eagle's counsel already has the documents, the Court can simply deem them produced in the other cases, which would avoid the need for Defendants to do anything. Either way, this highly relevant information should be made available to Eagle for use across the cases.

3

| | |
|---|---|
| Dated: October 23, 2025 | **MCCARTER & ENGLISH, LLP** |
| | |
| | */s/ Alexandra M. Joyce* |
| OF COUNSEL: | Daniel M. Silver (#4758) |
| | Alexandra M. Joyce (#6423) |
| Daniel G. Brown | Maliheh Zare (#7133) |
| Kelly A. Welsh | 405 N. King Street, 8th Floor |
| LATHAM & WATKINS LLP | Wilmington, DE 19801 |
| 555 Eleventh Street, NW, | (302) 984-6300 |
| Suite 1000 Washington, D.C. 20004 | dsilver@mccarter.com |
| daniel.brown@lw.com | ajoyce@mccarter.com |
| kelly.welsh@lw.com | mzare@mccarter.com |
| | |
| Kenneth G. Schuler | *Attorneys for Plaintiffs* |
| Marc N. Zubick | |
| Alex Grabowski | |
| LATHAM & WATKINS LLP | |
| 330 North Wabash Avenue, Suite 2800 | |
| Chicago, IL 60611 | |
| kenneth.schuler@lw.com | |
| marc.zubick@lw.com | |
| alex.grabowski@lw.com | |

Brett M. Sandford
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 200
San Francisco, CA 94111
Brett.sandford@lw.com

*Attorneys for Plaintiffs*
*in C.A. Nos. 24-64-JLH and 24-65-JLH*

Wyley S. Proctor
MCCARTER & ENGLISH, LLP
265 Franklin Street
Boston, MA 02110
(617) 449-6529
wproctor@mccarter.com

*Attorneys for Plaintiffs in C.A. No. 24-66-JLH*

4