**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>APOTEX INC., AND APOTEX CORP,<br><br>    Defendants. | C.A. No. 24-64-JLH<br>**(CONSOLIDATED)**<br>**JURY TRIAL DEMANDED**<br><br>████████████ |
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>SLAYBACK PHARMA LLC and AZURITY PHARMACEUTICALS, INC.,<br><br>    Defendant. | C.A. No. 24-65-JLH<br>**(CONSOLIDATED)**<br>**JURY TRIAL DEMANDED**<br><br>████████████ |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS EAGLE
PHARMACEUTICALS, INC. AND EAGLE SUB1 LLC'S
DAUBERT MOTION TO EXCLUDE
THE OPINIONS OF DEFENDANTS' EXPERT, DR. DAVID BUGAY**

Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
SMITH KATZENSTEIN & JENKINS LLP
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

Attorneys for Defendants
*Slayback Pharma LLC and Azurity*
*Pharmaceuticals, Inc.*

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
3205 Avenue North Boulevard, Suite 100
Wilmington, DE 19803
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendants*
*Apotex Inc. and Apotex Corp.*

Dated: July 1, 2026

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................ 1

II.     LEGAL STANDARD................................................................................................. 1

III.    ARGUMENT.............................................................................................................. 1

        A.      Dr. Bugay Did Not Apply a "Rogue" Construction; He Made a Transparent
                Assumption Based on Eagle's Own Statements. ...................................................... 1

        B.      Dr. Bugay's Obviousness Opinions Are Reliable and Proper. .............................. 2

        C.      Eagle's Remaining Attacks Go to Weight, Not Admissibility. .............................. 2

IV.     CONCLUSION........................................................................................................... 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Inc. v. Express Scripts, Inc.*,
  261 F.R.D. 72 (E.D. Pa. 2009)...................................................................................................2

*Cephalon, Inc. v. Slayback Pharma LLC*,
  456 F. Supp. 3d 594 (D. Del. 2020)...........................................................................................3

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009)..................................................................................................2

*In re Paoli R.R. Yard PCB Litig.*,
  35 F.3d 717 (3d Cir. 1994)..........................................................................................................1

*Stecyk v. Bell Helicopter Textron, Inc.*,
  295 F.3d 408 (3d Cir. 2002).......................................................................................................1

*Trudell Medical International Inc. v. D R Burton Healthcare, LLC*,
  127 F.4th 1340 (Fed. Cir. 2025) ................................................................................................2

**Rules**

Federal Rule of Evidence 702.............................................................................................................1

## I.    INTRODUCTION

Eagle seeks to exclude Dr. David Bugay, a qualified technical expert, based on the flawed premise that Dr. Bugay applied an incorrect claim construction. Eagle is wrong. In offering his anticipation opinions, Dr. Bugay made an assumption based on express statements by Eagle during the *Markman* hearing. (Ex. 1 ¶ 241.) There is nothing improper with Dr. Bugay's assumption. Eagle's motion should be denied.

## II.    LEGAL STANDARD

Under Federal Rule of Evidence 702, expert testimony is admissible if it "will help the trier of fact to understand the evidence or to determine a fact in issue" and rests on "sufficient facts or data" and "reliable principles and methods." The Third Circuit applies Rule 702 with a "liberal policy of admissibility." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994). Disputes over an expert's factual assumptions or application of claim language go to *weight*, not admissibility, and are properly tested through cross-examination. *Id.* at 746; *see also Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. 2002).

## III.    ARGUMENT

### A.    Dr. Bugay Did Not Apply a "Rogue" Construction; He Made a Transparent Assumption Based on Eagle's Own Statements

The central premise of Eagle's motion is that Dr. Bugay's opinions must be excluded at trial because he purportedly "applied the incorrect construction of the claim term, 'consisting of.'" (Pls.' Br. at 1.) The record tells a different story. In offering his anticipation opinions, Dr. Bugay offered an assumption, grounded in Eagle's own *Markman* representations: "My opinions regarding anticipation are offered under the assumption that the claims allow for the use of additional fluids not expressly listed in the claims, based upon the arguments presented by Eagle during the claim construction process." (Ex. 1 ¶ 241; *see also id.* ¶ 341.) Dr. Bugay takes no

1

position on what the proper claim construction should be—but offers this analysis as an argument-in-the-alternative should Eagle's claim construction prevail.

That assumption is expressly based on representations made by Eagle's counsel at the *Markman* hearing regarding the scope of the claimed inventions. (Ex. 2 at 11:4–5, 12:25–13:1.) The assumption does not apply a different construction, nor could it. The Court itself declined to resolve the scope of "consisting of" at the *Markman* hearing, deferring final language to summary judgment and jury instructions to avoid "word games later." (*Id.* at 66:15–69:10.)

Dr. Bugay was transparent about the basis of his assumption and applied it faithfully in rendering his anticipation opinions. There is nothing improper or unclear about Dr. Bugay's assumption and corresponding analysis. *See*, *e.g.*, *Aetna Inc. v. Express Scripts, Inc.*, 261 F.R.D. 72, 80 (E.D. Pa. 2009) (allowing expert testimony based on assumptions that "have a reasonable basis in the available record and are disclosed to the finder of fact"). Dr. Bugay's opinions are simply an argument-in-the-alternative, if the claims are construed in accord with Eagle's views.

### B.      Dr. Bugay's Obviousness Opinions Are Reliable and Proper

Dr. Bugay clearly and expressly limited  his assumption to his anticipation opinions. (Ex. 1 ¶ 241.) Thus, Eagle's arguments surrounding Dr. Bugay's assumption are irrelevant to his obviousness opinions. Dr. Bugay opined that the asserted claims are obvious in light of the prior art, addressing motivation to combine, reasonable expectation of success, and secondary considerations without reliance on the challenged assumption. (*See, e.g.*, Ex. 1 ¶¶ 2, 24–25, 462; Ex. 3 ¶¶ 2, 8–12, 97–99.) Tellingly, Eagle identifies no obviousness opinion that depends on Dr. Bugay's assumption. No such opinions exist.

### C.      Eagle's Remaining Attacks Go to Weight, Not Admissibility

The remainder of Eagle's arguments lack merit. For example, Eagle's reliance on *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009), and *Trudell Medical International*

2

*Inc. v. D R Burton Healthcare, LLC*, 127 F.4th 1340 (Fed. Cir. 2025), is misplaced, because Dr. Bugay did not contradict any claim construction ordered by the Court. *Trudell*, 127 F.4th at 1349–50; *Exergen Corp.*, 575 F.3d at 1321.

As to the "pharmaceutically acceptable fluid" term at issue, the Court recognized its complexity, noting "neither [side's construction] clarifies what the real issue is here," deferring resolution of the construction until summary judgment. (Ex. 2 at 66:15–19.) Indeed, Eagle's motion fails to identify the supposed construction that Dr. Bugay offered, let alone how it contradicts any ruling from this Court. It does not. Dr. Bugay expressly identified where he made an assumption, the basis for that assumption, and how it applies in the context of anticipation.

Dr. Bugay also did not improperly characterize the claims when rendering his opinions about the prior art. (Pls.' Br. at 3, 5.) In any event, these are classic merits disputes. Dr. Bugay characterized a claimed embodiment that tracks the claim language exactly. He then used that embodiment in offering his opinion that it was taught by the prior art. (Ex. 3 ¶¶ 45–46.) Notably, Dr. Bugay's opinion that Olthoff discloses bendamustine and PEG, is entirely consistent with the Court's previous rulings that "Olthoff would have led a POSITA to use PEG and PG" because both are polyols. *Cephalon, Inc. v. Slayback Pharma LLC*, 456 F. Supp. 3d 594, 606–07 (D. Del. 2020). Whether Dr. Bugay's reading is ultimately persuasive is for Eagle to test at trial through cross-examination, not *Daubert*.

## IV.    CONCLUSION

Eagle's motion fails to meet the exacting standard of *Daubert* and should be denied.

3

DATED:  July 1, 2026

OF Counsel:

Deepro R. Mukerjee
Lance A. Soderstrom
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Center
New York, NY 10020-1605
212.940.8800
deepro.mukerjee@katten.com
lance.soderstrom@katten.com

Jitendra Malik
Joseph M. Janusz
KATTEN  MUCHIN  ROSENMAN  LLP  550
South Tryon Street, Suite 2900
Charlotte, NC 28202
704.444.2000
jitty.malik@katten.com
joe.janusz@katten.com

Christopher B. Ferenc
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Ave., NW., Suite 800
Washington, DC 20006
202.625.3500
christopher.ferenc@katten.com

Rachel L. Schweers
Matthew T. Messina
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe St.
Chicago, IL 60661
312.902.5200
rachel.schweers@katten.com
matthew.messina@katten.com

*/s/ Cortlan S. Hitch*
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
3205 Avenue North Boulevard, Suite 100
Wilmington, DE 19803
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendants*
*Apotex Inc. and Apotex Corp.*

*/s/ Neal C. Belgam*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
SMITH KATZENSTEIN & JENKINS LLP
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants*
*Slayback Pharma LLC and*
*Azurity Pharmaceuticals, Inc.*

4