**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC,<br><br>Plaintiffs,<br><br>v.<br><br>APOTEX INC. and APOTEX CORP.,<br><br>Defendants. | REDACTED PUBLIC VERSION FILED AUGUST 7, 2026<br><br>C.A. No. 24-64-JLH (CONSOLIDATED)<br><br>**JURY TRIAL DEMANDED**<br><br> |
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SLAYBACK PHARMA LLC and AZURITY PHARMACEUTICALS, INC.,<br><br>Defendants. | C.A. No. 24-65-JLH (CONSOLIDATED)<br><br>**JURY TRIAL DEMANDED**<br><br> |

**PLAINTIFFS EAGLE PHARMACEUTICALS, INC. AND EAGLE SUB1 LLC'S
RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
OF DAMAGES**

# TABLE OF AUTHORITIES

## CASES

*HSM Portfolio LLC v. Elpida Memory, Inc.*,
   C.A. No. 11-770-RGA (D. Del. Feb. 17, 2016) ............................................................................ 3

*Liqwd, Inc., v. L'Oreal USA, Inc.*,
   C.A. No. 17-14-JFB-SRF, 2019 WL 2775515 (D. Del. Jul. 2, 2019) ......................................... 3

## RULES

FED. R. EVID. 401 ........................................................................................................................... 2

FED. R. EVID. 403 ........................................................................................................................... 2

Eagle's resort to  represents harm that Eagle suffered as a direct result of Defendants' infringement of U.S. Patent Nos. 11,872,214 and 12,138,248 (collectively, the "Asserted Patents"). Specifically, as demonstrated by the analysis of Eagle's damages expert, Dr. Christopher Vellturo, in the reconstructed "but for" world where Eagle's Belrapzo® and Teva's Bendeka® are the only liquid bendamustine products on the market after the date of first infringement (January 2024), Eagle's "but for" incremental profits would have provided Eagle with sufficient cash flows and cash on hand to make the payments required ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In other words, had Defendants not infringed the Asserted Patents, Eagle would have had significant additional revenue—calculated by Dr. Vellturo at ▮▮▮▮▮ in incremental "but for" profits through Q1 2025—that would have provided Eagle with sufficient cash flows to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Those are compensatory damages for which Eagle can recover.

Seeking to avoid the consequences of their infringement, Defendants Apotex and Slayback jointly ask the Court to grant summary judgment and preclude Eagle from recovering the approximately ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* D.I. 368 in C.A. No. 24-64; D.I. 374 in C.A. No. 24-65. Defendants' motion fails because these damages are legally cognizable and properly attributable to their infringement; at best, Defendants' arguments improperly ask the Court to resolve genuinely-disputed material factual issues on causation and foreseeability—both quintessential questions for the jury—in their favor.

While Eagle remains confident that it would prevail on the ▮▮▮▮▮▮▮ theory at trial, Defendants' motion reveals that adjudicating this claim at trial would introduce a host of otherwise irrelevant evidence and lead to a miniature securities trial over Eagle's overall financial

1

condition and Eagle's conduct associated with an entirely unrelated drug product.  *See, e.g.*, D.I.

368 at 1 █████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████.  While Eagle strongly disagrees with Defendants' assertions,

there can be no credible dispute that these types of arguments and evidence will distract from the

core issues to be decided in this patent case: whether Defendants infringe the Asserted Patents (and

whether the infringement was willful), whether those patents are valid, and the amount of damages

that Eagle should recover for Defendants' infringement.  Further, given that Defendants did not

challenge Eagle's lost profits, ████████, or per unit reasonable royalty theories via summary

judgment or *Daubert*, the relative proportion of damages attributable to the ███████████

does not justify the additional complexity that the introduction of these otherwise irrelevant issues

would impose on the jury at trial.  Thus, to streamline the case, conserve judicial resources, and

simplify the trial, Eagle commits to not presenting the ████████████████ at trial.[1]

In view of Eagle's representation not to pursue the ████████████████ at trial, the

arguments and evidence that Defendants raised to rebut this theory should be excluded because

they are irrelevant and any (minimal, at best) probative value is substantially outweighed by the

substantial, concrete risks of confusing the issues, misleading the jury, wasting time, and unfairly

prejudicing Eagle.  FED. R. EVID. 401, 403.  After receiving Defendants' motion, Eagle offered to

withdraw the ████████ theory if Defendants would stipulate not to present these rebuttal

---

[1] As Eagle is not opposing Defendants' motion, Eagle has not filed a Response to Defendants' Concise Statements of Facts in support of this motion, but does not admit any facts therein.

arguments and evidence at trial, yet Defendants have neither agreed nor identified any legitimate basis for their introduction at trial.  *See* Ex. 1.  None exists.  Given Eagle's representation, any arguments or evidence about allegedly inaccurate and/or untimely SEC filings, purported attempts to ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ is both irrelevant and, even if relevant, properly excluded under Federal Rule of Evidence 403.  *See, e.g.*, *HSM Portfolio LLC v. Elpida Memory, Inc.*, C.A. No. 11-770-RGA, Slip Op. at 2-3 (D. Del. Feb. 17, 2016) (excluding "allegations of criminality and fraud," "allegations of wrongdoing in connection" with patent licensing, and evidence of bankruptcy as irrelevant to patent infringement and "unfairly prejudicial"); *see also*, *e.g.*, *Liqwd, Inc., v. L'Oreal USA, Inc.*, C.A. No. 17-14-JFB-SRF, 2019 WL 2775515, at *1 (D. Del. Jul. 2, 2019) (excluding evidence of a party's "financial condition" and "net worth" as "irrelevant and [] potentially prejudicial").

Accordingly, because Eagle commits to not present the ██████████████████ at trial, Eagle respectfully requests that the Cout (1) deny Defendants' joint motion for summary judgment regarding damages as moot, and (2) preclude Defendants from presenting the irrelevant and inadmissible argument and evidence regarding their ████████████ at trial, including the arguments and evidence set forth in their brief (D.I. 368 in C.A. No. 24-64-JLH; D.I. 374 in C.A. No. 24-65-JLH) and the sections of their damages rebuttal expert reports addressing the ██████ █ (*see* Ex. 2, paragraphs 15-16, 57, 66, and 97-106 in the expert report of Apotex's damages expert, Dr. George Korenko); and Ex. 3, Sections 4.1.2 and 12.4 of the expert report of Slayback's damages expert, James Malackowski).

3

Dated: July 1, 2026

OF COUNSEL:

Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
Michelle Chin
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
marc.zubick@lw.com
alex.grabowski@lw.com
michelle.chin@lw.com

Brett M. Sandford
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600
brett.sandford@lw.com

Ramya Sri Vallabhaneni
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
ramya.vallabhaneni@lw.com

Kelly A. Welsh
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200
kelly.welsh@lw.com

MCCARTER & ENGLISH, LLP

*/s/ Alexandra M. Joyce*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing documents were caused to be served on July 1, 2026, on the following counsel in the manner indicated:

**VIA EMAIL:**
Kenneth L. Dorsney
Cortlan S. Hitch
MORRIS JAMES LLP
3205 Avenue North Boulevard, Suite 100
Wilmington, DE 19803
kdorsney@morrisjames.com
chitch@morrisjames.com

Deepro R. Mukerjee
Lance A. Soderstrom
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Center
New York, NY 10020-1605
Deepro.mukerjee@katten.com
Lance.soderstrom@katten.com

Jitendra Malik
Joseph M. Janusz
KATTEN MUCHIN ROSENMAN LLP
550 South Tyron Street, Suite 2900
Charlotte, NC 28202
Jitty.malik@katten.com
Joe.janusz@katten.com

Christopher B. Ferenc
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Avenue, NW Suite 800
Washington, DC 20006
Christopher.ferenc@katten.com

Rachel L. Schweers
Matthew T. Messina
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661
Rachel.schweers@katten.com
Matthew.messina@katten.com

*Attorneys for Defendants Apotex, Inc. and Apotex Corp.*

ME1\61693533.v1

Neal C. Belgam
Daniel A. Taylor
SMITH KATZENSTEIN & JENKINS LLP
1000 West Street, Suite 1501
Wilmington, DE 19801
nbelgam@skjlaw.com
dtaylor@skjlaw.com

Jason A. Lief
Alan H. Pollack
Audrey R. Sparschu
WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, NY 10019
jlief@windelsmarx.com
apollack@windelsmarx.com
asparschu@windelsmarx.com

Andrew Miller
Ajay Kayal
Robyn Ast-Gmoser
Kiersten Fowler
Daniel Forchheimer
WINDELS MARX LANE & MITTENDORF, LLP
One Giralda Farms
Madison, NJ 07940
amiller@windelsmarx.com
akayal@windelsmarx.com
rast-gmoser@windelsmarx.com
kfowler@windelsmarx.com
dforchheimer@windelsmarx.com

*Attorneys for Defendants Slayback Pharma LLC and Azurity Pharmaceuticals, Inc.*

*/s/ Alexandra M. Joyce*
Alexandra M. Joyce (#6423)

ME1\61693533.v1