# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC, <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX INC. AND APOTEX CORP., <br><br> Defendants. | REDACTED PUBLIC VERSION FILED AUGUST 7, 2026 <br> C.A. No. 24-64-JLH (CONSOLIDATED) <br><br> **JURY TRIAL DEMANDED** <br><br>  |
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SLAYBACK PHARMA LLC and AZURITY PHARMACEUTICALS, INC., <br><br> Defendants. | C.A. No. 24-65-JLH (CONSOLIDATED) <br><br> **JURY TRIAL DEMANDED** <br><br>  |

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS EAGLE PHARMACEUTICALS, INC. AND EAGLE SUB1 LLC'S *DAUBERT* MOTION TO EXCLUDE THE <u>OPINIONS OF DEFENDANTS' INVALIDITY EXPERT, DAVID BUGAY</u>**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT........................................................................................................................1

    A. Dr. Bugay Applied His Own Erroneous Construction Of "Consisting Of" ............1

    B. Dr. Bugay's Incorrect Construction Taints His Obviousness Opinions As Well.................................................................................................................................2

III. CONCLUSION....................................................................................................................2

i

## <u>TABLE OF AUTHORITIES</u>[1]

### CASES

*Mars, Inc. v. H.J. Heinz Co.*,
   377 F.3d 1369 (Fed. Cir. 2004) ................................................................................................ 3

---

[1] All emphasis added, and internal citations and quotation marks omitted, unless otherwise noted. All docket index cites to Case No. 24-CV-00064, unless otherwise noted.

## I.    INTRODUCTION

Dr. Bugay applied an incorrect, open construction of the well-understood transitional phrase "consisting of," wrongly allowing for additional solvents.  That construction contravenes the law and the Court's directive, each of which recognizes the generally closed nature of that term.  Because this flaw infects all of Dr. Bugay's invalidity opinions, they should be excluded.

Defendants' arguments to the contrary fail.  Defendants contend that Dr. Bugay merely applied Eagle's proposed construction, but Eagle's construction explicitly acknowledged the generally closed nature of "consisting of."  Defendants also contend that Dr. Bugay could not contradict a construction the Court has not issued.  But, while the Court left open the possibility of additional guidance, it made clear the term was generally closed and excluded other solvents.  Finally, Defendants contend that Dr. Bugay's flawed construction does not impact his obviousness opinions, but his report and testimony establish that this flaw impacts all of his invalidity opinions.

## II.    ARGUMENT

### A.    Dr. Bugay Applied His Own Erroneous Construction Of "Consisting Of"

Defendants contend that Dr. Bugay's "assumption" about the meaning of "consisting of" is based on "Eagle's own *Markman* representations."  D.I. 397 at 1.  Not true.  Eagle explicitly proposed a closed construction of "consisting of" subject to limited exceptions.  D.I. 85 at 3-4 ("a fluid which is suitable for pharmaceutical use that is ***limited to*** polyethylene glycol and optionally, one or more of propylene glycol, ethanol, benzyl alcohol and glycofurol, (but does not exclude impurities and substances unrelated to this element)").  Dr. Bugay's sole citation to support his "assumption" is an incomplete answer taken out of context.  As Eagle explained, Eagle argued "that an unlisted fluid could be present, 'depend[ing] on what it is, in what amount, and at what function.'"  D.I. 357 at 4.  Defendants do not contest this point or identify any analysis that Dr. Bugay undertook to determine what unlisted fluids could be included in the claim scope or in what

1

amounts.  Nor could they—he admittedly conducted no such analysis.  D.I. 361, Ex. 3 at 55:3-14.

Defendants next argue that Eagle's criticisms go to weight because Dr. Bugay did not contradict the Court's instruction.  D.I. 397 at 2-3.  But Defendants ignore that, while the Court acknowledged that further construction may be necessary, the Court's statements about the scope of "consisting of" were clear.  D.I. 359, Ex. 1 at 25:21-26:20, 66:15-16, 67:23-25.  Specifically, the Court explicitly stated "there can't be another solvent system that's not on the list of pharmaceutically acceptable fluids."  *Id.* at 67:23-25.  Dr. Bugay's opinions flout that directive.

### B.    Dr. Bugay's Incorrect Construction Taints His Obviousness Opinions As Well

Defendants assert Dr. Bugay "limited his assumption to his anticipation opinions" because he cites the *Markman* statement that forms the putative basis for that assumption in the anticipation section of his report.[2]  D.I. 397 at 2 (citing Bugay Rpt. ¶ 241).  This assertion is belied by his report and  testimony.  At the beginning of his *entire* invalidity analysis, Dr. Bugay included a footnote explaining that he "treated the claims as directed to a liquid bendamustine composition containing bendamustine, PEG and an antioxidant."  D.I. 359, Ex. 2 at 92 n. 9.  "Containing" is an open-ended phrase "synonymous with 'comprising.'"  *Mars, Inc. v. H.J. Heinz Co.*, 377 F.3d 1369, 1375 (Fed. Cir. 2004).  And, when asked at deposition if he had "an understanding of what 'consisting of' means *in the context of patent law*," Dr. Bugay explained that in his "interpretation, 'consisting of' means that it is a component thereof."  D.I. 359, Ex. 3 at 93:18-24.  That definition is open-ended, and the question was not limited to anticipation.

### III.    CONCLUSION

Eagle respectfully requests that Dr. Bugay's improper invalidity opinions be excluded.

---

[2] Defendants' claim that Eagle identified no obviousness opinion depending on his assumption is wrong.  *See* D.I. 357 at 2-5 (identifying obviousness opinions based on Drager and Olthoff).

2

Dated: July 20, 2026

OF COUNSEL:

Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
Michelle Chin
Nathan Fuller
Manuela Burek
Hanna Bondarowicz
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
marc.zubick@lw.com
alex.grabowski@lw.com
michelle.chin@lw.com
nathan.fuller@lw.com
manuela.burek@lw.com
hanna.bondarowicz@lw.com

Brett M. Sandford
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600
brett.sandford@lw.com

Ramya Sri Vallabhaneni
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
ramya.vallabhaneni@lw.com

Kelly A. Welsh
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200
kelly.welsh@lw.com

MCCARTER & ENGLISH, LLP

/s/ Alexandra M. Joyce
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs*

3

Cecilia Bain
LATHAM & WATKINS LLP
801 Jefferson Avenue, Suite 300
Redwood City, CA 94063
(650) 328-4600
cecilia.bain@lw.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing documents were caused to be served on July 20, 2026, on the following counsel in the manner indicated:

**VIA EMAIL:**
Kenneth L. Dorsney
Cortlan S. Hitch
MORRIS JAMES LLP
3205 Avenue North Boulevard, Suite 100
Wilmington, DE 19803
kdorsney@morrisjames.com
chitch@morrisjames.com

Deepro R. Mukerjee
Lance A. Soderstrom
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Center
New York, NY 10020-1605
Deepro.mukerjee@katten.com
Lance.soderstrom@katten.com

Jitendra Malik
Joseph M. Janusz
KATTEN MUCHIN ROSENMAN LLP
550 South Tyron Street, Suite 2900
Charlotte, NC 28202
Jitty.malik@katten.com
Joe.janusz@katten.com

Christopher B. Ferenc
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Avenue, NW Suite 800
Washington, DC 20006
Christopher.ferenc@katten.com

Rachel L. Schweers
Matthew T. Messina
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661
Rachel.schweers@katten.com
Matthew.messina@katten.com

*Attorneys for Defendants Apotex, Inc. and Apotex Corp.*

ME1\61693533.v1

Neal C. Belgam
Daniel A. Taylor
SMITH KATZENSTEIN & JENKINS LLP
1000 West Street, Suite 1501
Wilmington, DE 19801
nbelgam@skjlaw.com
dtaylor@skjlaw.com

Jason A. Lief
Alan H. Pollack
Audrey R. Sparschu
WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, NY 10019
jlief@windelsmarx.com
apollack@windelsmarx.com
asparschu@windelsmarx.com

Andrew Miller
Ajay Kayal
Robyn Ast-Gmoser
Kiersten Fowler
Daniel Forchheimer
WINDELS MARX LANE & MITTENDORF, LLP
One Giralda Farms
Madison, NJ 07940
amiller@windelsmarx.com
akayal@windelsmarx.com
rast-gmoser@windelsmarx.com
kfowler@windelsmarx.com
dforchheimer@windelsmarx.com

*Attorneys for Defendants Slayback Pharma LLC and Azurity Pharmaceuticals, Inc.*

*/s/ Alexandra M. Joyce*
Alexandra M. Joyce (#6428)

ME1\61693533.v1